Olaf NIELSON, Appellee,

v.

ARMSTRONG RUBBER COMPANY,
Appellant.

No. 77–1416.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1977.

Decided Feb. 9, 1978.

---

Ward M. Kirby, Mackoff, Kellogg, Kirby & Kloster, Dickinson, N.D., for appellant.

L. E. Greenwood, Dickinson, N.D., John A. Amundson, Bowman, N.D., on brief for appellee.

Before WEBSTER and HENLEY, Circuit Judges, and SMITH, Senior District Judge.*

WEBSTER, Circuit Judge.

Armstrong Rubber Company appeals from a judgment entered in accordance with a jury verdict awarding Olaf Nielson damages of $201,538.90. Nielson suffered various injuries, including the loss of his arm, when a tire he was mounting, which had been manufactured by appellant, exploded on February 7, 1973.

In this appeal, appellant contends that (1) it was prejudiced by an amendment to appellee's complaint, made at the close of the evidence, which added strict products liability to a negligence claim already alleged; (2) the District Court [1] erroneously permitted the testimony of appellee's expert, Dr. O. Edward Kurt; (3) the evidence was insufficient to support a finding that appellant was liable under ordinary negligence or strict liability; (4) the jury instructions were inadequate; and (5) the verdict returned by the jury was the result of passion and prejudice and was excessive. We reject appellant's contentions and affirm the District Court's judgment.

I.

Appellant contends that the District Court erroneously permitted the amendment of appellee's complaint to include a claim of strict products liability. Appellant claims prejudice as a result of the amendment in that: (1) appellant's decision not to

---

* The Honorable Talbot Smith, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. The Honorable Bruce M. VanSickle, United States District Court for the District of North Dakota.

settle the action was motivated in part on appellee's sole reliance on ordinary negligence; (2) appellant would have tried the case differently had it known sooner that strict liability would be an alternative theory of recovery; and (3) appellant was given an inadequate time in which to draft meaningful jury instructions on the new theory.

In its memorandum and order granting appellee's motion to amend, the District Court noted that while strict products liability had been discussed at pretrial, appellee specifically stated he was relying only on ordinary negligence. On the first day of trial, however, appellee submitted a pretrial memorandum citing the law of strict products liability as enunciated in Restatement (Second) of Torts § 402A which was adopted by North Dakota in *Johnson v. American Motors Corp.*, 225 N.W.2d 57, 66 (N.D. 1974).[2] On the third day of trial, and without objection by appellant, appellee asked his expert whether, in the expert's opinion, the tire was a dangerous instrument and whether there was a warning on it. The District Court then remarked:

> [A]t this point it seems to me that we have now amended our pleadings to come into the classical products liability situation. . . .

Thus, appellant had notice that strict products liability would be litigated upon receipt of appellee's pretrial memorandum at the beginning of the trial, and on the third day when the District Court announced that the pleadings had been amended to include the theory.

Fed.R.Civ.P. 15(b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if . . . raised in the pleadings. Such amendment of the

pleadings as may be necessary to cause them to conform to the evidence . . may be made upon motion . . . at any time . . .. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. . . .

Amendments are allowed when the parties have had actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise resulting from the change in the pleadings. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1491 at 455 (1971). And, when evidence relating to issues outside the pleadings is introduced and tried without objection, the parties will be deemed to have acquiesced. *See Dean Foods Co. v. Albrecht Dairy Co.*, 396 F.2d 652, 662 (8th Cir. 1968); *Gallon v. Lloyd-Thomas Co.*, 264 F.2d 821, 823 (8th Cir. 1959); *Farm Bureau Co-operative Mill and Supply, Inc. v. Blue Star Foods, Inc.*, 238 F.2d 326, 333 (8th Cir. 1956).

Here, appellant received actual notice of Nielson's reliance in part, on strict products liability when appellee's pretrial memorandum was submitted on the first day of trial and when the District Court announced on the third day of trial that it was going to treat the pleadings as amended. Moreover, appellee introduced evidence that the tire was a dangerous instrument and that it contained no warning; no objection was made.[3]

---

**2.** The District Court applied the law of North Dakota to this diversity action.

**3.** Appellant argues that evidence of the tire's dangerousness and the failure to include a warning pertain to ordinary negligence as well as strict products liability. Thus, its failure to object should not be treated as consent to the trial of strict products liability. Appellant cites *Standard Title Insurance Co. v. Roberts*, 349

F.2d 613, 620 (8th Cir. 1965) in which the Court stated that the pleadings will not be deemed amended merely because evidence relevant to an issue already in the case is introduced if there is no indication that the proponent of such evidence sought to raise a new issue. Here, however, appellant was in possession of appellee's pretrial memorandum discussing strict products liability and was on notice that the theory would be litigated. Moreover, the

Appellant also asserts that it was prejudiced by the amendment. In defining prejudice in this context courts have inquired "whether [the party has] had a fair opportunity to defend and whether [the party] could offer any additional evidence if the case were to be retried . . . ." *Monod v. Futura, Inc.,* 415 F.2d 1170, 1174 (10th Cir. 1969); *see Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078, 1086 (2d Cir. 1977); *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 890 (5th Cir. 1977).

■ Appellant attempted to prove at trial, *inter alia,* that: (1) appellee had misused the product; and (2) the tire could not have been defective when it left appellant's factory because of the elaborate inspection process employed at the plant. Thus, it is clear that appellant did contemplate a defense to appellee's strict products liability claim or an attempt would not have been made to prove that appellee misused the product, a defense to strict products liability, or that the tire was not defective when it left appellant's plant, a necessary element to a strict products liability claim, *see* Restatement (Second) of Torts § 402A.[4] *See generally* 1 L. Frumer & M. Friedman, Products Liability §§ 6, 15 (1976).

Since appellant had notice that the new theory was going to be relied upon and specifically offered evidence in defense of that theory, we are satisfied appellant was not prejudiced by the amendment. Moreover, the record does not reveal any effort by appellant to move for a continuance.

■ In determining whether to permit an amendment under Fed.R.Civ.P. 15(b), the district court has broad discretion and will not be reversed except upon a showing of abuse. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1493 at 469 (1971). *See Lones v. Detroit Toledo and Ironton Railroad,* 398 F.2d 914, 922 (6th Cir. 1968), *cert. denied,* 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969); *Gallon v. Lloyd-Thomas Co., supra,* 264 F.2d at 823. While we do not condone such late amendments, we are convinced on these facts that the District Court did not abuse its discretion.[5]

## II.

Next, appellant contends that the District Court erred in permitting certain opinion testimony of appellee's expert, Dr. O. Edward Kurt. Basically, Dr. Kurt testified that the vulcanizing process at appellant's plant caused the defect in the tire. Appellant objected claiming that because Dr. Kurt admittedly had never seen a vulcanizer, no proper foundation had been laid, and Dr. Kurt's testimony should have been excluded because it included his opinion on the ultimate issue in the lawsuit.

■ We note at the outset, and appellant concedes, that district courts have wide discretion in determining whether to exclude expert testimony. *See Salem v. United States Lines Co.,* 370 U.S. 31, 35, 82 S.Ct.

District Court specifically announced that the theory had been introduced by the evidence.

4. Section 402A provides:
(1) One who sells any products in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
  (a) the seller is engaged in the business of selling such a product, and
  (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
(2) The rule stated in Subsection (1) applies although
  (a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

5. We reject appellant's argument that had he known Nielson would rely on strict liability, he might have settled, rather than tried, the case. Appellant had actual notice that strict products liability was going to be relied upon early in the proceedings. Nothing prevented appellant from settling during or after the trial, or even before or after this appeal. We also reject appellant's contention that it did not have an adequate opportunity to draft meaningful jury instructions. Upon appellant's request, the District Court specifically expanded its jury instructions on strict products liability. We are satisfied that the instructions on the whole were accurate and adequate. *See* note 6 *infra.*

1119, 8 L.Ed.2d 313 (1961); *Soo Line Railroad v. Fruehauf Corp.,* 547 F.2d 1365, 1374 (8th Cir. 1977); *Holmgren v. Massey-Ferguson, Inc.,* 516 F.2d 856, 858 (8th Cir. 1975); *Joseph A. Bass Co. v. United States,* 340 F.2d 842, 845 (8th Cir. 1965).

Dr. Kurt's qualifications were established at trial and the record is clear that he was an expert on tires. *See Holmgren v. Massey-Ferguson, Inc., supra,* 516 F.2d at 858. *See generally* C. McCormick, Handbook of the Law of Evidence §§ 13–17 (2d ed. 1971). He testified that he had known of instances in which vulcanizers had broken tire beads the same way appellant's vulcanizer allegedly did in this case. The extent of a witness' knowledge of matters about which he offers to testify go to the weight rather than the admissibility of the testimony. *See Polk v. Ford Motor Co.,* 529 F.2d 259, 271 (8th Cir.), *cert. denied,* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976); *Holmgren v. Massey-Ferguson, Inc., supra,* 516 F.2d at 858. The District Court properly admitted this testimony.

Similarly, the Court properly rejected appellant's objection that Dr. Kurt's testimony should have been excluded because it included his opinion on the ultimate issue in the lawsuit. Under Fed.R.Evid. 704, testimony otherwise admissible, is not rendered objectionable merely because it embraces an ultimate issue to be decided by the trier of fact.

### III.

Appellant also contends that the evidence was insufficient to support the jury's verdict either on strict liability or negligence. After the jury verdict, appellant made a motion for judgment notwithstanding the verdict or in the alternative for a new trial based, *inter alia,* on the insufficiency of the evidence. The District Court denied both motions.

At trial, both parties relied primarily on expert testimony. Appellee sought to establish that: (1) Nielson was an experienced tire mounter; (2) on the day of the accident, Nielson properly applied lubricant to the tire, inflated the tire to its proper pressure, and otherwise exercised reasonable care; (3) the tire had a broken bead and was defective when it left Armstrong's factory; (4) the broken bead caused the tire to explode when Nielson attempted to inflate it; and (5) Nielson suffered grave damages as a result of the accident, including the loss of his arm, and will suffer future pain and suffering.

Appellant sought to prove that: (1) appellant's vulcanizing process, which appellee alleged broke the bead, had never broken a tire bead; (2) the tire was not defective when it left appellant's plant because of an elaborate inspection process that would have disclosed such a defect; (3) appellee failed to apply lubricant when mounting the tire, inflated the tire with an excessive amount of pressure, and failed generally to exercise reasonable care in the mounting process; and (4) appellee's improper mounting procedure caused the tire's properly seated beads to break causing the tire to explode.

An appellate court is not free to substitute its view of the facts for that of the jury unless it is prepared to hold that reasonable minds, viewing the evidence in the light most favorable to the prevailing party, could only have found otherwise than the jury. *See Voegeli v. Lewis,* 568 F.2d 89 at 92 (8th Cir. 1977); *Russ v. Ratliff,* 538 F.2d 799, 804 (8th Cir. 1976); *Griggs v. Firestone Rubber Co.,* 513 F.2d 851, 857 (8th Cir.), *cert. denied,* 423 U.S. 865, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2524 at 541–44 (1971). After a review of the record, we cannot say that reasonable minds could only have decided in favor of appellant. Nor do we think the District Court abused its discretion in refusing to grant a new trial on the ground that the jury verdict was contrary to the weight of the evidence. *See generally* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2806 (1971).[6]

---

**6.** We reject appellant's contention that the District Court's jury instructions on strict liability incorrectly stated the law and were prejudicially confusing. The Court's strict products liabil-

The judgment of the District Court is affirmed.

ity instruction accurately set forth the law as enunciated in Restatement (Second) of Torts § 402A, which has been adopted by North Dakota, *see Johnson v. American Motors Corp.,* 225 N.W.2d 57, 66 (N.D.1974).

We also reject appellant's argument that the jury award was excessive. The evidence indicated that appellant, an active sportsman before the accident, was unable to fish or hunt after the accident as the result of the loss of his arm. He is unable to perform such basic functions as dressing himself, brushing his teeth, and cutting his meat and it appears his earning capacity has diminished. A medical expert testified that, in all likelihood, Nielson will experi-

ence future pain and suffering and will need future surgery. On the record before us, we do not think the jury award was excessive as a matter of law.