**WALT BENNETT FORD, INC., Appellant,**

v.

**Billy GOYNE, Appellee.**

**No. 91–2610.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1992.

Decided May 27, 1992.

**604**

Paul Joseph James, Little Rock, Ark., for appellant.

Before FAGG and WOLLMAN, Circuit Judges, and BOGUE,* Senior District Judge.

PER CURIAM.

Walt Bennett Ford, Inc. (Appellant) appeals the district court's[1] decision dismissing Appellant's claims against Billy Goyne (Goyne) for alleged violation of both federal[2] and state[3] "odometer rollback" laws. Specifically, Appellant argues that the district court incorrectly interpreted the knowledge and intent requirements of both the Arkansas and federal odometer rollback statutes; that the district court improperly employed the affirmative defense of equitable estoppel when that defense was never raised by Goyne at trial; and, if the equitable estoppel defense was properly before the district court, Goyne did not put on evidence sufficient to prove each element.

▪ On May 16, 1991, Goyne purchased a new 1990 Ford Ranger truck from Appellant and received a trade-in allowance of $4,000 on his 1986 Chevrolet Celebrity. The Celebrity's odometer displayed 28,454 miles, when in fact the odometer had turned over. After Goyne and Appellant's employee, Mr. Haas, reached an agreement on the ultimate purchase price of the Ford Ranger, Goyne met with another employee, Mr. Pruitt, for purposes of completing the odometer disclosure statement. Mr. Pruitt typed in the existing miles—28,454—and gave the form to Goyne for his signature. At this time, Goyne disclosed to Mr. Pruitt that the stated mileage was incorrect; however, Goyne signed the disclosure statement based on assurances by Mr. Pruitt, a former state police officer, that the only mileage to be reported was the actual mileage shown on the odometer. When Appellant finally received the title to the Celebrity,[4] the actual mileage was shown to be 70,358 miles.

Regarding the first issue, we find no error in the district court's interpretation of either federal or Arkansas odometer rollback law. Federal law mandates a finding of "intent to defraud," 15 U.S.C. § 1989 (1982 & Supp.1990); Arkansas law, however, requires only proof of an intentional violation of a known duty: "the state need not show any intent to defraud or any evil purpose." *Boren v. State*, 297 Ark. 220, 233, 761 S.W.2d 885 (1988).

▪ The district court determined that Goyne lacked the "intent to defraud" necessary to run afoul of federal law.[5] We see no clear error in this finding. At the same time, the district court conceded that Goyne's knowledge that his odometer was inaccurate, plus his subsequent signing of the disclosure statement, was in violation of Arkansas law. During his negotiations

---

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Susan Webber Wright, District Judge, United States District Court, Eastern District of Arkansas.

2. 15 U.S.C. § 1988 (1982 & Supp.1990).

3. Ark.Code Ann. § 4-90-206 (Supp.1989).

4. When Goyne negotiated his trade-in with Appellant, he did not have the title to the Celebrity with him. Goyne signed papers, however, which enabled Appellant to obtain a replacement title.

5. Section 1989 of Title 15, which addresses civil action for violations of the odometer requirements, states:

(a) Any person who, with intent to defraud, violates any requirement under this title shall be liable in an amount equal to the sum of—
(1) three times the amount of actual damages sustained or $1,500, whichever is greater; and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

with Appellant, however, Goyne was assured by Appellant's employee, Mr. Pruitt, that the incorrect odometer reading was not a problem. Because Goyne relied on Pruitt's representations when he signed the disclosure statement, the district court invoked the doctrine of equitable estoppel.

The district court correctly points out in its Memorandum Opinion (June 18, 1991; *See* Appendix, p. 22), that the issue of equitable estoppel, though not specifically and affirmatively pleaded in accordance with Fed.R.Civ.P. 8(c), was raised in Goyne's response to Appellant's motion for summary judgment and proof which established the defense was presented at trial without objection. According to Fed. R.Civ.P. 15(b), "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as of they had been raised in the pleadings." Accordingly, under Arkansas law, there are four necessary elements of estoppel:

(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

The district court properly determined that (1) Mr. Pruitt was Appellant's employee and Pruitt's knowledge and information about the odometer disclosure requirements were imputed to Appellant; (2) Pruitt assured Goyne that the odometer disclosure statement showing 28,454 miles was correct under the law and Goyne had every right to believe him since Mr. Pruitt was Appellant's employee and a former state policeman; (3) Goyne was ignorant of the true facts, in that Goyne was not aware, and had no reason to be aware, that Pruitt's assurances regarding odometer disclosure requirements were untrue; and (4) Goyne relied on Appellant's representations to his detriment, in that Goyne's signature on the disclosure statement, which admittedly reflected inaccurate mileage, violated Arkansas odometer rollback law and subjected Goyne to possible penalties.

Joint Appendix, No. 16, *Memorandum Opinion,* p. 23–24.

We find no error in the district court's interpretation and application of the doctrine of equitable estoppel. Initially, Goyne disclosed to Appellant his doubts about the accuracy of his odometer; Mr. Pruitt, however, assured Goyne that his concerns were unfounded. In its brief, Appellant places great emphasis on the fact that Goyne's meeting with Pruitt took place *after* the trade-in price had been determined. Nevertheless, the fact remains that, at whatever juncture in the negotiation the odometer disclosure took place, Goyne—when first confronted with the odometer's accuracy—revealed that the odometer reading was incorrect. Goyne was assured that he need not worry about the undisclosed mileage. With that, Appellant is estopped from now raising Goyne's knowledge of the odometer's accuracy, and the decision of the district court is AFFIRMED.

FAGG, Circuit Judge, dissenting.

This appeal turns on whether the district court correctly invoked the defense of equitable estoppel to defeat Walt Bennett Ford, Inc.'s (WBF) proven claim that Goyne violated Arkansas's odometer disclosure law. Although this defense was neither pleaded by Goyne nor tried by express consent of Goyne and WBF, the district court concluded the parties tried the defense by implied consent. *See* Fed.R.Civ.P. 15(b). I believe well-established principles compel a different result.

In this circuit " 'it cannot be fairly said that [parties] implied[ly] consent to try an [unpleaded] issue [unless they] *squarely recognize* it as an issue in the trial.' " *Standard Title Ins. Co. v. Roberts,* 349 F.2d 613, 620–21 (8th Cir.1965) (emphasis added) (quoted citation omitted). Contrary to the district court's view, Goyne's response to WBF's motion for summary judgment did not put WBF on notice that Goyne was going to rely on the defense of equitable estoppel at trial. Instead, the

record shows the case was tried on the issues raised by the pleadings.

WBF sued Goyne under the federal and Arkansas odometer disclosure statutes "alleging odometer fraud by [Goyne]." Goyne denied this allegation in his answer. When WBF moved for summary judgment on its claims, Goyne's response focused on facts supporting his contention that WBF could not recover because "he had [no] intent to defraud or misrepresent any facts," and because WBF "conspire[d with an employee] to create the situation leading to [this litigation]." Simply stated, Goyne's response did not introduce equitable estoppel into this case. A summary judgment response that disavows fraudulent intent, suggests a conspiracy, and never mentions estoppel falls woefully short of putting WBF on notice that estoppel was an issue for the trial. Indeed, the district court's reading of Goyne's response shows that the possibility of an estoppel defense did not occur to anyone but the district court after the case had already been tried. WBF's implied consent, however, "depend[ed] on whether [WBF] recognized that an issue not presented by the pleadings entered the case at trial." *Missouri Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1316 (8th Cir.1990).

There is no dispute that Goyne introduced evidence at trial that would have been relevant to the defense of estoppel. In this circuit, however, implied consent cannot be inferred from the unchallenged introduction of evidence relevant to an unpleaded defense when the evidence is also relevant to an issue already in the case. *Pariser v. Christian Health Care Sys.,* 816 F.2d 1248, 1253 (8th Cir.1987); *Brown v. Cooper Clinic,* 734 F.2d 1298, 1301 (8th Cir.1984). Goyne's evidence that he "disclosed to [WBF] that [his vehicle's odometer] mileage was incorrect [and he] signed [an inaccurate] disclosure statement based on [WBF's] assurance," *ante* at 2, was relevant to the fighting issue raised in WBF's complaint: whether Goyne acted with fraudulent intent. In these circumstances, Goyne's evidence did not alert WBF that an estoppel based defense was being tried by consent.

Although the district court has broad discretion in deciding whether an issue has been tried by consent, *Nielson v. Armstrong Rubber Co.,* 570 F.2d 272, 276 (8th Cir.1978), I believe the district court abused its discretion in this case. Contrary to the holdings of our cases, the district court relied on an unpleaded defense to defeat a proven claim. Because Goyne and WBF did not consensually litigate the defense of equitable estoppel, the district court was limited to the issues raised in the pleadings. *Armstrong Cork Co. v. Lyons,* 366 F.2d 206, 208–09 (8th Cir.1966). "A party is no more entitled to [prevail on] a [defense] not pleaded than [a party] is to [prevail on] a [defense] pleaded but not proved." *Id.* Thus, I would reverse the district court and remand for the entry of judgment in WBF's favor based on Goyne's violation of Arkansas's odometer disclosure law.