**Michael McLAURIN, Plaintiff–Appellee,**

v.

**F.C. PRATER, CO–1, Maximum Security Unit, Arkansas Department of Correction, Defendant–Appellant.**

**Michael McLAURIN, Plaintiff–Appellant,**

v.

**F.C. PRATER, CO–1, Maximum Security Unit, Arkansas Department of Correction, Defendant–Appellee.**

Nos. 93–3812, 93–3947.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1994.

Decided July 25, 1994.

David Eberhard, Asst. Atty. Gen., Little Rock, AR, argued, for defendant-appellant.

Robert L. Coleman, Blytheville, AR, argued, for plaintiff-appellee.

Before WOLLMAN, Circuit Judge, and FLOYD R. GIBSON and WELLFORD,* Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Prater appeals the district court's determination that he violated McLaurin's Eighth Amendment right to be free from cruel and unusual punishment. McLaurin cross-appeals the district court's decision declining to rule on his various state-law claims. We affirm the judgment in favor of McLaurin and remand for further proceedings relative to the state-law claims.

## I. BACKGROUND

The district court's factual findings, which are not contested by either party, may be summarized thusly: Prater, a security officer at the Tucker Maximum Security Unit of the Arkansas Department of Corrections, accused McLaurin, an inmate at the institution, of stealing some cigarettes from another inmate. Prater persisted in his accusations despite assurances from both McLaurin and the alleged victim that McLaurin was holding the cigarettes as a favor to the owner. Near

the conclusion of the discussion, Prater struck McLaurin on the side of the face; McLaurin ended up on the ground, though it was not clear whether this was the result of the initial blow or of further contact from Prater. The court further found that Prater's actions were not intended as a good faith effort to maintain or restore discipline or order and that McLaurin had not done anything to provoke or otherwise justify Prater's actions. As a result of Prater's blow (or blows), McLaurin suffered pain but no permanent injury.

In addition to the district court's findings, the record reveals the following facts: after the above-described incident, Prater instituted major disciplinary proceedings against McLaurin, alleging that he failed to obey an order and that he assaulted or threatened to injure another person. McLaurin was deprived of certain privileges pending a hearing on these charges. Approximately eighteen days later, a hearing was held and the charges against McLaurin were dismissed.

McLaurin filed this suit pro se and in forma pauperis. On the form provided for prisoners to file in forma pauperis suits, Mclaurin outlined the facts of the case and invoked 42 U.S.C. § 1983 (1988) and the Eighth and Fourteenth Amendment as grounds for relief. The complaint was not formally amended. On the day of trial, McLaurin's appointed counsel orally moved to amend the complaint to include state-law claims of assault, battery, and outrage. Prater opposed the motion, which was taken under advisement by the court. The motion was renewed in McLaurin's post-trial briefs. The district court ultimately decided not to rule on the state-law claims because "[t]he plaintiff did not raise these claims in his original *pro se* complaint and counsel did not amend the complaint.... The Court declines to exercise pendent jurisdiction."

## II. DISCUSSION

### A. Excessive Force

Prater contends the district court erred as a matter of law in concluding that he violated

* The Honorable Harry W. Wellford, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

McLaurin's Eighth Amendment rights because, essentially, his actions were not sufficiently malicious, sadistic, outrageous or harmful. Prater's position rests on an incorrect interpretation of the law.

 It is well-settled that "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian,* —— U.S. ——, ——, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) (quotation omitted). The core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at ——, 112 S.Ct. at 999. In ascertaining the answer to this inquiry, we consider the need for force, the relationship between the need for force and the degree of force that was employed, and the extent of injury inflicted. *Munz v. Michael,* 28 F.3d 795, 798–99 (8th Cir.1994). Here, the district court determined that there was no need for any force to be used because Prater was not acting to protect himself or others or to otherwise serve any legitimate penological interest. It follows that the degree of force employed exceeded the amount of force that was justified under the circumstances. Finally, though McLaurin did not suffer debilitating or permanent injury, this does not mean that Prater's actions were consistent with the Eighth Amendment's dictates. *Hudson,* —— U.S. at ——, 112 S.Ct. at 1000; *White v. Holmes,* 21 F.3d 277, 281 (8th Cir.1994). We agree with the district court's conclusion that Prater acted solely and purposely to harm McLaurin and not out of a good-faith effort to restore or maintain discipline or order. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson,* —— U.S. at ——, 112 S.Ct. at 1000.

Prater contends our decisions in *White* and *Stenzel v. Ellis,* 916 F.2d 423 (8th Cir.1990) dictate that we reverse the district court's judgment. We disagree. In *White,* the defendant was entitled to judgment because the prisoner suffered no injury at all. 21 F.3d at 281. In this case, McLaurin suffered pain, which is a sufficient injury to allow for recovery for an Eighth Amendment violation. *Munz,* at 799 n. 7. In *Stenzel,* prison guards applied force after the prisoner refused to obey orders designed to deal with the prisoner's status as a known escape risk. 916 F.2d at 426–27. Thus, unlike the present case, the small degree of force was justified and related to the guards' efforts to maintain discipline and protect the safety of the prison staff and other prisoners. *Id.* at 427.

## B. Supplemental Jurisdiction

McLaurin contends that the district court was obligated to decide his state-law claims by virtue of 28 U.S.C. § 1367 (Supp. II 1990). Prater contends the district court possessed and properly exercised its discretion to decline jurisdiction over the state-law claims and, in any event, McLaurin did not plead any causes of action other than the § 1983 claim.

### 1. The Command of § 1367

Section 1367(a) provides as follows:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (Supp. II 1990).

 We begin our discussion by addressing the degree of discretion granted to the district courts. The statute's use of the word "shall"—to which we have added our emphasis in the above quotation—is a mandatory command. Despite Prater's protestations to the contrary, "shall" does not mean "may" or "is permitted to"; "shall" has been consistently understood to mean that something is required. We further point out that Congress has directed that federal district courts "shall" have jurisdiction in both 28 U.S.C. § 1331 (1988) (federal question jurisdiction) and 28 U.S.C. § 1332 (1988) (diversity jurisdiction), and the accepted import of the term

is that federal courts must accept and cannot reject jurisdiction in such cases. *See, e.g., McCarthy v. Madigan,* — U.S. —, —, 112 S.Ct. 1081, 1087, 117 L.Ed.2d 291 (1992); *Willcox v. Consolidated Gas Co.,* 212 U.S. 19, 40, 29 S.Ct. 192, 195, 53 L.Ed. 382 (1909).

Section 1367 provides some exceptions. Subsection (b) prohibits district courts from exercising supplemental jurisdiction in certain instances when the basis for original jurisdiction is premised on § 1332 (diversity of citizenship). This subsection does not apply, as the jurisdictional basis for McLaurin's § 1983 action is the presence of a federal question. Subsection (c) grants the court discretion to reject supplemental jurisdiction if

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (Supp. II 1990). Prater contends that this subsection gives the district court the discretion to reject jurisdiction over supplemental claims. He is correct, but only to a point. The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein. Here, the district court relied on none of these circumstances as justifying his decision to reject jurisdiction of Prater's state-law claims—and we observe that none of them apply. The causes of action McLaurin seeks to present are not novel, as they involve well-understood principles of tort law. The claims do not predominate over the federal issue that gave rise to the court's jurisdiction, and the cause of action that gave the court original jurisdiction was not dismissed. Finally, we can discern no exceptional circumstance that would justify the district court's decision to decline jurisdiction; in fact, because the factual bases for the causes are so closely related (indeed, we are told that no additional evidence is

necessary in order for the court to render a judgment), substantial interests would be served by having the district court rule on the state-law claims.

We conclude that, in the absence of the circumstances described in subsections (b) and (c), § 1367(a) requires the district court to accept supplemental jurisdiction over the state-law claims McLaurin has raised in this case.

## 2. The Pleadings

Prater contends that even if the district court lacked discretion under § 1367 to decline jurisdiction over the additional claims, the district court acted properly because these claims were not raised in McLaurin's complaint. McLaurin has presented several responses, all of which lack merit save one: that the complaint was amended to conform to the evidence.

■■■ Rule 15(b) of the Federal Rules of Civil Procedure provides in part that

> [w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings ... may be made upon motion of any party at any time, even after judgment. ...

Although amendments, including those described in Rule 15, are to be liberally granted "where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced," the decision to allow or deny an amendment is a discretionary matter for the district court to resolve. *Corsica Livestock Sales v. Sumitomo Bank of Cal.,* 726 F.2d 374, 377 (8th Cir.1983). The district court indicated that it would rule on McLaurin's oral motion, but it never did so. Accordingly, it is necessary to remand the matter to the district court so that it can rule on McLaurin's motion to amend the pleadings pursuant to Rule 15(b).

Without intending to deprive the district court of its discretion to decide this matter, we observe that the factual bases for the state-law claims were subsumed within, if not entirely identical to, the factual basis for the

Eighth Amendment claim. *Cf. Doralee Estates v. Cities Serv. Oil Co.,* 569 F.2d 716, 724 (2d Cir.1977). We have held that the admission of evidence bearing on a pleaded issue cannot form the basis for an amendment under Rule 15(b) unless the defendant knew of the plaintiff's intent to inject unpleaded issues. *Pariser v. Christian Health Care Sys., Inc.,* 816 F.2d 1248, 1253 (8th Cir.1987). However, there is no doubt that McLaurin intended the evidence to support these issues in addition to the constitutional claim because they were identified on the Pretrial Conference Information Sheet required by the district court's rules and because they were discussed immediately prior to trial. *Cf. Nielson v. Armstrong Rubber Co.,* 570 F.2d 272, 275 (8th Cir.1978). These pre-trial expressions of McLaurin's intent differentiate this case from *Pariser.*[1]

## III. CONCLUSION

The district court properly concluded that Prater violated McLaurin's Eighth Amendment rights. However, the district court erred in concluding it had the discretion under 28 U.S.C. § 1367 to decline jurisdiction over the state-law claims arising from the same facts. We remand this case to the district court so it may determine whether the pleadings may be amended to conform to the evidence, thereby presenting these claims to the district court for resolution.

---

1. Prater's contention that he is immune from the state law claims is not necessarily a reason to deny McLaurin's motion. Prater is free to take advantage of Rule 15(b) and move to amend his answer to conform to the evidence presented at trial, thereby presenting any defenses that may have been available to him. *Gallegos v. Stokes,* 593 F.2d 372, 374–75 (10th Cir.1979); *but see Nielson,* 570 F.2d at 276 (defining prejudice in this context).