_____

No. 95-2936
_____

Steven C. Labickas,                    *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       * Appeal from the United States
Arkansas State University; Rita        * District Court for the
Toland, in her official and            * Eastern District of Arkansas.
individual capacity as                 *       [UNPUBLISHED]
Financial Aid Administrator for        *
the Beebe Campus,                      *
                                       *
          Appellees.                   *

_____

          Submitted:  January 31, 1996

             Filed:  February 5, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Steven  C.  Labickas  appeals  from  the  district  court's[1]
dismissal of his complaint seeking damages from Arkansas State
University and Rita Toland for violations of Title IV of the Higher
Education Act (HEA) (20 U.S.C. §§ 1070-1099) and state common law.


     Labickas, a full-time student at Arkansas State University
(ASU), alleged that when he applied through ASU for a federally-
subsidized  Stafford  loan,  Toland,  an  ASU  financial  aid
administrator, informed Labickas that as part of the application
process, he would have to authorize ASU to review his credit.
Labickas refused to grant ASU that permission, insisting that his

_____

     [1]The Honorable George Howard, Jr., United States District
Judge for the Eastern District of Arkansas.

credit record is private. ASU refused to certify his Stafford loan application. Labickas argued that ASU's policy of requiring credit checks of Stafford loan applicants is not authorized by the HEA. Labickas also asserted pendent state law claims of breach of fiduciary duty, outrageous conduct, and breach of contract.

On defendants' motion, the district court dismissed Labickas's complaint with prejudice, concluding that the HEA does not create a private cause of action for student borrowers. In a footnote, the district court held that Labickas's pendent state law claims "must also fail."

We review de novo the district court's dismissal for failure to state a claim. Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam), cert denied, 115 S. Ct. 100 (1994).

In determining whether a private remedy exists under the HEA, this court must look to four factors: (1) is the plaintiff a member of the class for whose especial benefit the statute was passed; (2) was there a legislative intent to create or deny a private remedy; (3) is an implied remedy consistent with the purpose of the legislative scheme; and (4) is the cause asserted one that is traditionally relegated to state law. See Cort v. Ash, 422 U.S. 66, 78 (1975). The critical inquiry, however, is whether Congress intended to create a private cause of action. Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 24 (1979). Thus, the second and third Cort factors carry more weight in the analysis than do the other factors. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 145 (1985).

We conclude that no private right of action is implied under the HEA for student borrowers. The HEA specifies that the Secretary of Education has the power to carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with

the HEA; and the statute and legislative history do not otherwise suggest congressional intent to create a private remedy. See 20 U.S.C. §§ 1070(b), 1082(a)(2), 1082(h); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1485 (9th Cir. 1995); L'ggrke v. Benkula, 966 F.2d 1346, 1347-48 (10th Cir. 1992). As Labickas has no claim under the HEA, it is irrelevant that the caption on the district court's order identified Toland as a defendant only in her official capacity.

Although it was within the district court's discretion to dismiss Labickas's state law claims, see McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994), they should have been dismissed without prejudice. Cf. Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) (construing order dismissing state law claims following summary judgment on federal claims as dismissal without prejudice because such procedure is the "normal practice").

Accordingly, we affirm the dismissal with prejudice of Labickas's HEA claim and modify the dismissal of his state law claims to be without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-