# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1360

_____

Ed Williams,

    Appellant,

  v.

Sally Chandler Halford; Islamic
Council of Iowa; Imam Taha Tawil,

    Appellees.

    *   Appeal from the United States
    *   District Court for the
    *   Southern District of Iowa.
    *
    *    [UNPUBLISHED]

_____

Submitted: January 5, 2001
Filed: January 25, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
  Judges.

_____

PER CURIAM.

  Ed Williams, an inmate in the Mount Pleasant Correctional Facility (MPCF), appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Iowa Department of Corrections (IDOC) Director Sally Chandler Halford and Islamic Consultant Taha Tawil, and the Islamic Council of Iowa (Council).

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United Stated District Court for the Southern District of Iowa.

Williams alleged that Halford had contracted since 1989 for Tawil to provide Islamic instruction, counseling, and services to inmates; that Halford had paid Tawil without determining whether the contract obligations had been met; and that Halford and the Council had failed to monitor Tawil's activities, permitting him to abuse his position. He further alleged that only Muslims were forced to worship in a room frequented by homosexuals, and that MPCF Muslims had been improperly subjected to the same constraints on their religious practices as Muslims at higher-security IDOC facilities. He claimed violations of his First Amendment and equal protection rights and breach of contract.[2] After careful de novo review, see Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999), we affirm.

Without deciding whether Williams's claims against Halford were barred by res judicata (based on the final judgment in Williams I), we conclude that these claims were properly dismissed. Williams provided no evidence that Halford was directly responsible for supervising the Council's compliance with its contract. In fact, the IDOC official who signed the 1997 Council-IDOC contract attested that he—not Halford—oversaw the IDOC's religion-related policies and practices. Williams also failed to establish that Halford knew of the alleged contract breaches or Tawil's alleged improper activities (admitting on appeal that he believes she was unaware of either), or the other alleged violations of his rights. Thus, his claims against Halford rested on respondeat superior, which is not a proper basis for section 1983 liability. Cf. Thomason v. Scan Volunteer Serv., Inc., 85 F.3d 1365, 1370 (8th Cir. 1996) (holding that where there was no evidence that program director was personally or directly involved in alleged violation of constitutional rights or that, as supervisor, she knew

_____

[2]Williams filed an earlier suit (Williams I) against MPCF Superintendent David Scurr and Treatment Director Frank Roffe, also claiming violations of his First Amendment and equal protection rights. In August 1998, the case was dismissed with prejudice, after the court found that Williams had entered into an enforceable settlement agreement with defendants.

about allegedly unlawful conduct and facilitated, approved, or deliberately ignored it, summary judgment was properly granted in her favor in § 1983 action).

As to the claims against Tawil and the Council, we agree with the District Court that they were not state actors while performing clerical duties. See Montano v. Hedgepeth, 120 F.3d 844, 848 (8th Cir. 1997) (holding that First Amendment provides no protection against private actions, no matter how egregious). Williams was essentially challenging the manner in which the Council chose to meet its contract obligations, focusing on Tawil's failure to conduct Friday services personally and to hold formal classes; he did not challenge Tawil's deposition testimony about providing teaching materials, individual counseling, and recommendations to IDOC about Ramadan. Thus, the Council and Tawil were acting in a clerical capacity when determining how to serve the MPCF Muslims' educational and worship needs. See id. at 850 (finding that state cannot be held accountable for conduct such as delivering sermons, taking confession, granting forgiveness of sins, and counseling on proper reading of sacred texts that is undertaken by prison chaplain in purely clerical capacity); Bear v. Nix, 977 F.2d 1291, 1293 n.7 (8th Cir. 1992) (hiring Native American spiritual leader as prison consultant and empowering him to make decisions as to proper observation of religion was "a desirable arrangement," and spared prison officials and courts from excessive entanglement in religious matters).

Finally, the District Court properly declined to exercise jurisdiction over the state-law contract claim once it granted summary judgment on the federal constitutional claims. See McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994). We clarify that the dismissal was without prejudice. See Labickas v. Arkansas State Univ., 78 F.3d 333, 334-35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968 (1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.