# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-30222

---

LEONARD G. GUZZINO, ET AL.,

Plaintiffs,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Cross-Defendant/Appellee.

\* \* \* \* \*

GARY MASSICOT,

Plaintiff-Appellee,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Cross-Defendant/Appellee.

\* \* \* \* \*

GLENDA RICE, individually and as administrator for her two
minor children; RICE CHILDEN TRUST, on behalf of Rena
Deslatte; RICE ELECTRONICS, INC; RICE ELECTRONICS
OF TEXAS, INC; DAVID P. RICE, individually and as
administrator for his two minor children,

Plaintiffs-Appellees,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Cross-Defendant/Appellee.

\* \* \* \* \*

C. KEITH VISCARDIS; PHYLLIS VISCARDIS;
DENNIS BUSINELLE,

Plaintiffs-Appellees,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

2

                                                    Defendant/Third-Party Plaintiff
                                                    Cross-Claimant/Appellant,

                              versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

                                                    Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

                                                    Cross-Defendant/Appellee.
                        *       *       *       *       *

SHANNA HEBERT; KEVIN HEBERT; RAYMOND VERRETT;
MRS. RAYMOND VERRETT; CLARENCE E. LASSITER;
MRS. CLARENCE E. LASSITER; IVY ST. ROMAIN, JR; E.J.
MASON; MRS. E.J. MASON; RICK MASON; JOYCE B.
LASSEIGNE; JERRY M. LIPARI; MRS. JERRY M. LIPARI;
LUCY LIPARI; COLLINS PELLEGRIN, JR; MRS. COLLINS
PELLEGRIN, JR; CRYSTAL PELLEGRIN, individually and on
behalf of Stephanie Suire; TROY HATCH; MRS. TROY HATCH;
ROBERT N. HUGHES; MRS. ROBERT N. HUGHES; PENNY
HEBERT; PATRICK HEBERT; GORDON BILLIOT; MRS. GORDON
BILLIOT; SIDNEY P. HEBERT, SR; MRS. SIDNEY P. HEBERT, SR;
JERRY JACKSON; AUDREY JACKSON; FORREST CALLAIS;
MRS. FORREST CALLAIS; RONALD FROMENTHAL; MRS.
RONALD FROMENTHAL; STERLING HEBERT; MRS. STERLING
HEBERT; ERROLL J. THERIOT; HELEN THERIOT; NEWTON
VERRETT; MRS. NEWTON VERRETT; ALEX GIROIR; MRS.
ALEX GIROIR; CLARENCE P. HEBERT, SR; MRS. CLARENCE
P. HEBERT, SR; WILLOW JEAN GANAWAY; PETER VANDEN-
AARDWEG; GERALD CRAPPELL; MRS. GERALD CRAPPELL;
OPAL JOUBERT, individually and as Testamentary Executrix on behalf
of Randy Joubert, Sr. Estate,

                                                    Plaintiffs-Appellees,

                              versus

DEAN WITTER REYNOLDS, INC.,

                                                    Defendant/Third-Party Plaintiff
                                                    Cross-Claimant/Appellant,

                              versus

                                3

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Defendant/Cross-Defendant
Appellee.

\*   \*   \*   \*   \*

LEVY B. ROY; IRIS ROY,

Plaintiffs-Appellees,

versus

ABC INSURANCE CO., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Appellant

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Third-Party Defendant/Appellee.

\*   \*   \*   \*   \*

PETER VANDENAARDWEG,

Plaintiff-Appellee,

versus

DEAN WITTER REYNOLDS, INC., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;

4

WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Cross-Defendant/Appellee.

\*    \*    \*    \*    \*

RUDY SPARKS; DIANE SPARKS,

Plaintiffs-Appellees,

versus

ABC INSURANCE CO., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/ Appellees,

and

JODY M. FELTERMAN,

Third-Party Defendant/Appellee.

\*    \*    \*    \*    \*

TRAVIS ROY; TIFFANY ROY,

Plaintiffs-Appellees,

versus

DEAN WITTER DISCOVER AND CO., formerly known
as Dean Witter Reynolds, Inc., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

5

and

JODY M. FELTERMAN,

Third-Party Defendant/Appellee.

\* \* \* \* \*

ROBERT ADAMS, III,

Plaintiff-Appellee,

versus

DEAN WITTER DISCOVER AND CO., formerly known
as Dean Witter Reynolds, Inc., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Third-Party Defendant/Appellee.

\* \* \* \* \*

JERRY F. ADAMS,

Plaintiff-Appellee,

versus

DEAN WITTER DISCOVER AND CO., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Appellant

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

6

JODY M. FELTERMAN,

                               Third-Party Defendant/Appellee.

\*    \*    \*    \*    \*

GERALD CRAPPELL; PENNY CRAPPELL,

                               Plaintiffs-Appellees,

versus

DEAN WITTER REYNOLDS, INC., ET AL,

                               Defendants,

DEAN WITTER REYNOLDS, INC.,

                               Defendant/Third-Party Plaintiff
                               Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

                               Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

                               Cross-Defendant/Appellee.

\*    \*    \*    \*    \*

D. LEE FELTERMAN; JAN B. FELTERMAN,

                               Plaintiffs-Appellees,

versus

DEAN WITTER DISCOVER AND CO., formerly known
as Dean Witter Reynolds, Inc., ET AL.,

                               Defendants,

DEAN WITTER REYNOLDS, INC.,

                               Defendant/Third-Party Plaintiff
                               Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

                               Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Third-Party Defendant/Appellee.

\* \* \* \* \*

DANIEL C. FELTERMAN; LINDA B. FELTERMAN,

Plaintiffs-Appellees,

versus

DEAN WITTER DISCOVER AND CO., formerly known
as Dean Witter Reynolds, Inc., ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Appellant

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Third-Party Defendant/Appellee.

\* \* \* \* \*

MARIJEANNE CHRISTIE, ET AL.,

Plaintiffs,

ROBERT S. ROBERTSON,

Plaintiff-Appellee,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

8

Cross-Defendant/Appellee.

* * * * *

MURRAY DUVAL; ANNA JEAN DUVAL,

Plaintiffs-Appellees,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Cross-Defendant/Appellee.

* * * * *

SEBASTIAN J. CARDINALE,

Plaintiff-Appellee,

versus

JODY M. FELTERMAN, ET AL.,

Defendants,

DEAN M. WITTER REYNOLDS, INC.,

Defendant/Third-Party Plaintiff
Cross-Claimant/Appellant,

versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

Cross-Defendant/Appellee.

* * * * *

JEFFREY CARDINALE,

Plaintiff-Appellee,

versus

9

DEAN WITTER REYNOLDS, INC., ET AL.,

                                                    Defendants,

DEAN WITTER REYNOLDS, INC.,

                                                    Defendant/Third-Party Plaintiff
                                                    Cross-Claimant/Appellant,

                                        versus

PETER J. LIPARI; PATTERSON STATE BANK;
WHITNEY HOLDING CORP.,

                                                    Third-Party Defendants/Appellees,

and

JODY M. FELTERMAN,

                                                    Cross-Defendant/Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

September 30, 1999

Before POLITZ and JOLLY, Circuit Judges, and BARBIER, District Judge.[*]

POLITZ, Circuit Judge:

Dean Witter Reynolds, Inc. appeals the trial court's remand order issued under the discretionary provision of 28 U.S.C. § 1367(c). Plaintiffs counter that the court lacks jurisdiction to hear the appeal and, joined by the third-party defendants, contend that the trial court acted within its discretion in ordering the remand. For the reasons assigned, we deny plaintiffs' motion to dismiss the appeal, affirm in part, and vacate and remand in part.

## BACKGROUND

This case arose from the illegal conduct of a Dean Witter stockbroker, Jody

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

M. Felterman.  Felterman conducted a Ponzi[1] scheme designed to bilk investors of their money and, when his activities were discovered, pleaded guilty to money laundering and wire fraud.  The many investors -- the plaintiffs in this litigation -- brought suit in Louisiana state court against Felterman and Dean Witter.  Dean Witter filed a third-party complaint against two banks in which Felterman maintained accounts and the president and chief executive officer of one of these banks.[2]

Plaintiffs were grouped according to the names of their attorneys:  the **Baldwin** and **Haspel** plaintiffs; the **Stansbury** plaintiffs; the **Wright** plaintiffs; the **Versaggi** plaintiffs; and the **Rice** plaintiffs.  Dean Witter successfully removed all cases to federal court on the basis of federal question jurisdiction.  Plaintiffs' complaints, other than those filed by the **Stansbury** plaintiffs, alleged RICO[3] and federal securities violations.  The actions were consolidated and the court scheduled nine[4] plaintiffs for trial.  After active litigation for approximately two years, the court granted Dean Witter's motions to dismiss or motions for summary

---

[1]The term was coined from the last name of the swindler in **Cunningham v. Brown**, 265 U.S. 1 (1924).

[2]The third-party defendants are: First National Bank in St. Mary Parish, merged into Whitney National Bank; Patterson State Bank; and President and Chief Executive Officer of Patterson State Bank, Peter J. Lipari.

[3]Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 **et seq.**

[4]There exists some confusion as to whether the correct number is nine or seven.  As the discrepancy does not impact our analysis of the issues, we will simply assume (as the parties do) that the correct number is nine.

judgment on all federal and some state claims of the nine plaintiffs set for trial. Anticipating the inevitable, all remaining plaintiffs, with the exception of five **Versaggi** plaintiffs, voluntarily dismissed their federal claims against Dean Witter. Plaintiffs also abandoned their claims against Felterman, who, unlike Dean Witter, had not asked the court to enter judgment in his favor on any of plaintiffs' claims.[5] As a result, no federal claims remained pending, other than those by the **Versaggi** plaintiffs, and plaintiffs moved the trial court to remand the case to state court. Although the trial court initially declined to do so, it subsequently reconsidered and remanded the case to state court. From this ruling, Dean Witter appeals.

## ANALYSIS

At the threshold we pause to consider the challenge to our appellate jurisdiction. Our pause need only be brief. Plaintiffs suggest that the trial court should have remanded under the authority of 28 U.S.C. § 1447(c), an order for which appellate review is precluded by 28 U.S.C. § 1447(d). They further contend that a decision to remand under 28 U.S.C. § 1367(c) is reviewable only by a petition for writ of mandamus. Both propositions are foreclosed by our jurisprudence.[6] We have jurisdiction to review this appeal.

Alternatively, plaintiffs and third-party defendants submit that the remand

---

[5]It appears that Felterman may now be impecunius.

[6] **Burks v. Amerada Hess Corp.**, 8 F.3d 301 (5th Cir. 1993), abrogated on other grounds by **Giles v. NYLCare Health Plans, Inc.**, 172 F.3d 332 (5th Cir. 1999); **Doddy v. Oxy USA, Inc.**, 101 F.3d 448 (5th Cir. 1996); **Eastus v. Blue Bell Creameries, L.P.**, 97 F.3d 100 (5th Cir. 1996) (citing **Quackenbush v. Allstate Ins. Co.**, 517 U.S. 706 (1996)).

12

order fell within the court's discretionary powers. Section 1367 provides in pertinent part as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

(1) the claim raises a novel or complex issue of State law;
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
(3) the district court has dismissed all claims over which it has original jurisdiction; or
(4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.[7]

The Supreme Court in **United Mine Workers v. Gibbs**[8] has instructed federal courts that the justification for pendent jurisdiction

lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even

---

[7]28 U.S.C. § 1367(a), (c).

[8]383 U.S. 715 (1966).

13

though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.[9]

The **Gibbs** test is a flexible one, under which courts should conduct a fact-specific inquiry, considering the totality of circumstances of each case.[10]

The trial court noted the general rule favoring dismissal of state claims when the federal claims to which they are pendent are dismissed.[11] Further, the trial court stressed that about seventy related cases remained pending in state court and suggested that it would be desirable for all cases to be considered by a single court, thus facilitating settlement, conserving judicial resources, and avoiding the risk of inconsistent rulings. A mediation between the parties may have failed in part because of the unresolved state cases. The trial court observed that the discovery conducted in federal court likely would be available for use in state court and that the parties' other preparatory steps for trial would not be wasted. Finally, the trial court referred to a "myriad of unique state law issues," which also counseled against retaining the cases in federal court.

Dean Witter vigorously argues that the trial court exceeded its discretionary

---

[9]**Id.** at 726 (footnotes and citations omitted).

[10]**See Carnegie-Mellon Univ. v. Cohill**, 484 U.S. 343 (1988).

[11]**See Parker & Parsley Petroleum Co. v. Dresser Indus.**, 972 F.2d 580 (5th Cir. 1992).

authority in remanding the cases. It insists that the intensive, protracted pretrial preparation in federal court brings this case within the rubric of **Newport Ltd. v. Sears, Roebuck and Co.**,[12] where we reversed the trial court's remand order in light of the substantial judicial and party resources devoted to the litigation in the federal forum. Further, Dean Witter disputes the trial court's conclusion that state law issues remaining in the case are particularly novel. Charging plaintiffs with engaging in blatant forum manipulation by dismissing the federal claims against Felterman, and accusing the third-party defendants of supporting remand in order to revisit adverse rulings by the federal court, Dean Witter urges that remanding the cases would invite duplicative, possibly conflicting rulings and would reward unseemly machinations in the courts.

In evaluating Dean Witter's arguments -- which are not wholly lacking in persuasive force -- we are mindful of the wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims.[13] While it is true that substantial pretrial activity was had following removal, the trial court observed that much of its involvement in the cases related to resolving

---

[12]941 F.2d 302 (5th Cir. 1991).

[13]**Robertson v. The Neuromedical Center**, 161 F.3d 292 (5th Cir. 1998), cert. denied, 119 S.Ct. 1575 (1999).

plaintiffs' failed claims and that the parties' work product could be taken, with little loss, to the state litigation. Further, this action is readily distinguishable from **Newport** -- here there are seventy related pending cases in state court. This is no small matter. We agree with the trial court that this circumstance heavily supports a remand, eliminating the disfavored prospect of state and federal proceedings running on parallel, and possibly nonharmonious tracks. Thus, even if, as Dean Witter represents, the state law implicated by the case is prosaic, considerations relating to conservation of and respect for judicial resources and interests of comity and federalism markedly tip the balance in favor of a remand.

Dean Witter suggests that those seeking a remand are engaged in forum manipulation. We are not persuaded. The trial court considered and rejected this contention, noting:

> The plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping. I don't think that we are looking at that. I think they would have loved to have stayed here and fought their RICO and [federal] securities claims; but once they lost them, then they [sic] would like to go back.

Further, the trial court stated that "considering this [c]ourt's rulings dismissing the same federal claims against Dean Witter, . . . it is not surprising that plaintiffs would dismiss the federal claims against . . . Felterman, which are at best hollow."

Similarly, to the extent that the status of the state cases -- which impeded

16

settlement, according to the trial court -- factored into the decision to remand, we are persuaded that Dean Witter suffered no prejudice. The trial court cited various reasons for the remand, and this "extra-record" observation was only one of many. We have no hesitation whatever in accepting the inference that the pendency of a large number of related cases would have a chilling effect on the consummation of a settlement which did not include those cases.

Finally, our review of the total record, in light of the briefs and oral arguments of counsel, convinces us that the trial court did not abuse its discretion in entering the remand order. The order, however, is too embracive. The remand order is based on the court's belief that only state law claims remained in any of the remanded actions. That understanding is incorrect. The actions involving the **Versaggi** plaintiffs have outstanding federal claims against Dean Witter. We must therefore vacate and remand the order of the trial court as it relates to the actions by the **Versaggi** plaintiffs. On remand the district court will be free to consider anew a remand request should the federal claims issue be resolved so as to permit such. In all other respects the remand order appealed is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.