**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-31154
(Summary Calendar)
_____

MARION DIXON, ET AL,

Plaintiffs,

MICHELLE JAMES ORSO;
LEROY PERRY;
KEVIN DUTHU,

Plaintiffs-Appellants,

versus

FORD MOTOR CREDIT COMPANY;
CHRYSLER FINANCIAL CORPORATION;
NISSAN MOTOR ACCEPTANCE CORPORATION;
LOUISIANA DEALER SERVICES INSURANCE, INC.;
FIRST ASSURANCE LIFE OF AMERICA;
AMERICAN NATIONAL INSURANCE COMPANY,

Defendants-Appellees.

----------------------------------------------------------------

KEVIN WELLS, JR.; Etc; ET AL,

Plaintiffs,

versus

LOUISIANA DEALER SERVICES INC.;
FIRST ASSURANCE LIFE OF AMERICA;
CRESCENT CITY NISSAN EAST,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(Nos. 98-CV-2456-J; 99-CV-1819-J)

_____

April 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants (collectively "Dixon"), who purchased credit life insurance from Defendants-Appellees lenders and credit insurers (collectively "Ford") in connection with automobile financing, appeal the district court's grant of summary judgment to Ford on their federal RICO claims and dismissal without prejudice of their pendent state-law claims. We affirm.

I.

FACTS AND PROCEEDINGS

In this consolidated action, Dixon brings claims against Ford under the Racketeer Influenced and Corrupt Organizations Act ("RICO")[1] and the Louisiana Motor Vehicle Sales Finance Act ("LMVSFA"),[2] seeking, <u>inter alia</u>, treble damages, costs, and attorneys' fees under the civil liability provisions of RICO.[3] The gravamen of Dixon's complaint is that Ford allegedly engaged in a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 18 U.S.C. § 1961 <u>et seq.</u>

[2] La. Rev. Stat. 6:951 <u>et seq.</u>

[3] <u>See</u> 18 U.S.C. § 1964(c).

mail-fraud scheme involving the sale and financing of credit life insurance,[4] in connection with vehicle financing contracts, without disclosing to the purchasers that (1) the credit life insurance premium includes an additional amount of coverage for unearned interest on the contracts, which interest is never owed, resulting in the insurance of a non-existent risk; and (2) approximately 60 to 70 percent of the credit life insurance premium is "pocketed" by the vehicle dealer.  Ford denies all liability.

To say that this case has had "a long and tortured history," as the district court put it, would be an understatement; were we to narrate this procedural odyssey in its entirety, our account would include four transfers to three district court judges, two dismissals from the district court accompanied by two forays into state courts, two changes in the named plaintiffs, and four amended complaints.  Only two recent episodes in this circuitous history, however, are directly relevant to the issues that we must decide on appeal today.

First, in May 2000, the district court denied both Ford's motions to dismiss the fourth amended complaint for failure to state a claim and its motion for summary judgment; the district court summarily concluded that after "considering all the applicable law and standards, the Court does not believe this case

_____

[4]Credit life insurance is insurance on the life of the debtor for the security of the creditor in connection with a loan or other credit transaction.

3

should be dismissed for failure to state a claim or for any other reason, nor does it believe that summary judgment is appropriate under all the facts and circumstances." Although the district court's order reiterates the parties' claims and defenses, it does not explain the reasoning behind the ruling.

Second, shortly after the district court made that ruling, this case was transferred to another district court judge. In July 2000, the transferee judge, sua sponte, ordered the parties to brief the questions "whether federal subject matter jurisdiction is present in this case, and more specifically, whether plaintiff has a viable RICO claim." The transferee judge's directive was motivated by a concession made by Dixon's counsel during oral argument on another motion that "the sole basis for federal jurisdiction in this matter is [the] alleged claim under RICO[.]"

After the parties filed their briefs, the district court issued a ruling that dismissed Dixon's RICO claims with prejudice and dismissed pendent state-law claims without prejudice. In a thorough, well-reasoned opinion, the district court concluded that under Summit Properties, Inc. v. Hoechst, which we decided one month after the earlier ruling by the previous judge on the motions to dismiss, a plaintiff must plead detrimental reliance on the predicate mail fraud to state a viable RICO claim.[5] After observing that Dixon had failed to plead such reliance, the

---

[5] See 214 F.3d 556, 562 (5th Cir. 2000).

4

district court then went outside the pleadings to find that "[i]n fact, the representative plaintiffs have testified in depositions that they did not rely on any representations or omissions of the defendants in deciding to purchase credit life insurance," and dismissed Dixon's RICO claims with prejudice. The district court also exercised its discretion to decline supplemental jurisdiction over Dixon's state-law claims, and dismissed them without prejudice.

Dixon now appeals to us, contending, <u>inter alia</u>, that the district court (1) erred in dismissing the RICO claims with prejudice after considering evidence outside the pleadings but without providing the required notice or opportunity to respond to that evidence, (2) erred in declining to apply the law-of-the-case doctrine to the previous judge's earlier ruling on the viability of the RICO claims, and (3) abused its discretion in declining to exercise supplemental jurisdiction over the pendent state-law claims. We shall address these issues <u>seriatim</u>.

II.

ANALYSIS

A. <u>Standard of Review</u>

We review a grant of summary judgment <u>de novo</u>, applying the same standard as the district court.[6] A grant of summary judgment

---

[6]<u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998). Although the district court styled its decision as a dismissal for lack of subject matter jurisdiction, a reading of the district court's order discloses that the court properly

5

is proper only if there is no genuine issue as to any material fact. The movant may demonstrate such a lack by pointing out the absence of evidence to support an essential element of the nonmovant's claim, as "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[7] In deciding whether summary judgment is proper, we must view the facts and the inferences to be drawn from them in the light most favorable to the nonmovant.[8] We review a district court's decision to decline to exercise supplemental jurisdiction over pendent state-law claims for abuse of

---

exercised its federal-question jurisdiction and determined that Dixon had failed to establish a claim under the federal statute alleged in the complaint. We have long recognized that "[w]here the existence of a cause of action is inextricably bound up with the question of this court's subject matter jurisdiction, we treat the dismissal as one on the merits under Rule 12(b)(6) or as a grant of summary judgment under Rule 56." See Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 499-500 n.4 (5th Cir. 1982) (citation omitted). As the district court considered material outside the pleadings in dismissing Dixon's federal claim with prejudice, we treat the dismissal as a summary judgment and review it accordingly. See Federal Rule of Civil Procedure 12(b) ("If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]"); see also Baker v. Putnal, 75 F.3d 190, 197 (5th Cir. 1996) ("where a district court grants a motion styled as a motion to dismiss but bases its ruling on facts developed outside the pleadings, we review the order as an order granting summary judgment").

[7]Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

[8]Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

discretion.[9]

B.  Summary Judgment on RICO Claims

Dixon argues that the district court erred by granting summary judgment sua sponte to Ford on the RICO claims without providing Dixon notice and a reasonable opportunity to respond to the evidence presented by Ford as required under Rules 12(b) and 56. Ford counters that even if Dixon did not receive adequate notice, the grant of summary judgment should nevertheless be upheld under the harmless error standard because a review of all Dixon's additional evidence discloses that there is no genuine issue of material fact.[10]  We agree.

Under Summit, a plaintiff must demonstrate reliance on the predicate mail fraud to establish the proximate causation required under the RICO statute.[11]  Here, the district court concluded that Dixon not only did not but also could not allege reliance, as "the representative plaintiffs have testified in depositions that they

---

[9]Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

[10]See Nowlin v. Resolution Trust Corp., 33 F.3d 498, 504 (5th Cir. 1994).

[11]See 214 F.3d at 561-62.  Dixon unsuccessfully attempts to evade the clear holding of Summit by distinguishing that case on its facts: Summit, according to Dixon, involved misrepresentations made to persons other than the plaintiffs, on which the plaintiffs did not rely; here, Dixon claims, "defendants directly participated in the transactions by which [the plaintiffs] were damaged."  But Summit itself makes clear that "any fraud during the sale of those products proximately injured only those initial purchasers who relied on the alleged misrepresentations[.]"  Id. at 560.

did not rely on any representations or omissions of the defendants in deciding to purchase credit life insurance." Even though it is generally true that leave should be liberally granted to amend pleadings for failure to state a cause of action, under the instant circumstances, when it appears beyond doubt that the plaintiffs can prove no set of facts to support their RICO claims, the grant of summary judgment to the defendants is proper. This is true even if we assume that the plaintiffs did not receive sufficient summary-judgment notice.[12] Accordingly, the district court did not err in granting summary judgment to Ford on Dixon's RICO claims.

C. Law of the Case

Dixon also contends that the law-of-the-case doctrine bars the district court from holding that the plaintiffs' RICO claims are fatally defective. More specifically, Dixon argues that the district court's prior ruling on Ford's motions for dismissal and summary judgment prior to the transfer of the case was "entitled to substantial deference" and should not have been disturbed.

Ford responds, correctly, that under the law-of-the-case doctrine, a successor judge has the same discretion to reconsider

_____

[12]See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 28 F.3d 1388, 1398 (5th Cir. 1994) ("When there is no notice to the nonmovant, summary judgment will be considered harmless if the nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact.") (internal punctuation and citations omitted).

an order as would the first judge, although the successor judge should not overrule his predecessor's order or judgment merely because the successor judge would have decided matters differently.[13]  But the doctrine does not apply when the prior decision was erroneous, is no longer sound, or would create injustice.[14]  In the instant case, our decision in Summit, which clarified that RICO plaintiffs must establish reliance on the predicate mail fraud, was not available for consideration by the predecessor judge in ruling on Ford's motions.  Under these circumstances, the law-of-the-case doctrine erected no barrier to the successor judge's consideration of the plaintiffs' ability to state a viable RICO claim in light of Summit's supervening clear holding that RICO plaintiffs must allege and prove reliance on the predicate acts of alleged mail fraud.

D. Dismissal of Pendent State-Law Claims

In view of our decision that the district court providently granted summary judgment to Ford on Dixon's federal claims, we need not linger long over Dixon's contention that the district court abused its discretion in declining to exercise supplemental jurisdiction over Dixon's pendent state-law claims.  Under 28 U.S.C. § 1367(c)(3), the district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district

---

[13]See United States v. O'Keefe, 128 F.3d 885, 891 (5th Cir. 1997).

[14]See id.

9

court has dismissed all claims over which it has original jurisdiction." In general, the dismissal of state-law claims is favored when, as here, (1) the federal claims to which they are pendent are dismissed and (2) the factors of judicial economy, convenience, and fairness to litigants are not present.[15]

In declining to exercise supplemental jurisdiction in the instant case, the district court emphasized that (1) pretrial preparation "has largely been limited to addressing the jurisdiction issue," (2) the issue of class certification has yet to be addressed, and (3) no trial dates or other deadlines have been established. In addition, the relevant provisions of the Louisiana statute at issue here have yet to be interpreted by a Louisiana court.[16] Under these circumstances, the district court prudently concluded that "in the absence of any valid federal claims and any justification stemming from judicial economy concerns of issues of convenience or fairness to litigants, which might be present if this litigation were more advanced," it should not "needlessly make decisions concerning state law."[17]

---

[15]See Guzzino v. Felterman, 191 F.3d 588, 594 (5th Cir. 1999) (citation omitted).

[16]See 28 U.S.C. § 1367(c) (listing among the factors which a court must consider in deciding whether to exercise supplemental jurisdiction whether "the state claim raises a novel or complex issue of State law").

[17]See also Guzzino, 191 F.3d at 594 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.") (citation omitted).

Accordingly, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Dixon's pendent state-law claims.

## III.

## CONCLUSION

For the reasons explained above, the district court's grant of summary judgment to Ford on Dixon's RICO claims and its dismissal without prejudice of Dixon's pendent state-law claims are AFFIRMED.