**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No 01-20025**
**Summary Calendar**

_____

**FREDERICK A. BOX,**

**Plaintiff-Appellant,**

**versus**

**OCCIDENTAL CHEMICAL CORPORATION,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CV-3501)**

_____

**June 29, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Frederick A. Box appeals the summary judgment dismissing his action against Occidental Chemical Corporation. Box contends: the district court erred by holding his state law claim (discharged from his employment because he refused to perform an illegal act) was barred by *res judicata;* and it abused its discretion by denying his motion to, *inter alia*, remand this action to state court.

In his first action against Occidental, Box claimed: in violation of 29 U.S.C. § 651, he was discharged from his employment

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with Occidental in retaliation for complaining about unsafe chemical-handling practices; and, in violation of 29 U.S.C. § 621, Occidental discriminated against him on the basis of his age. In the instant (second) action, filed in state, and removed to federal, court, Box claimed he was discharged, in violation of Texas law, for failing to commit an illegal act and asserted a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.

In a comprehensive and well-reasoned opinion, the district court held the second action barred by *res judicata*, because: both actions involved the same parties; the judgment in the first action was rendered by a court of competent jurisdiction; the first action was disposed of by a final judgment on the merits; and both actions were "based on the same nucleus of operational facts", because Box's allegation in the second action (discharged for refusing to falsify reports) was "inextricably intertwined" with his allegation in the first (discharged in retaliation for complaining about unsafe practices). As discussed *infra*, it also refused Box's requests to amend (delete the federal — ADA — claim) and for concomitant remand to state court. **Box v. Occidental Chem. Corp**., No. H-00-3501 (S.D. Tex. 1 Dec. 2000).

We reject Box's contention that his retaliatory discharge claim in the first action was *not* adjudicated on the merits. The district court in the first action dismissed that claim pursuant to

2

Federal Rule of Civil Procedure 12(b)(6).  Because the order does *not* specify otherwise, the dismissal was an adjudication on the merits, pursuant to Rule 41(b), which provides:  "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits".  FED. R. CIV. P. 41(b).

Box does *not* challenge the district court's ruling with respect to the remaining elements for application of *res judicata*.  Although he contends that his *age discrimination* claim and his discharged-for-refusing-to-commit-illegal-act claim are *not* the same claim and are based on different facts, he does *not* challenge the district court's conclusion that his *retaliatory discharge* claim in the first action and his discharged-for-refusing-to-commit-illegal-act claim in the second are based on the same nucleus of operational facts.  In so doing, he apparently relies on the erroneous assumption that the retaliatory discharge claim was *not* adjudicated on the merits in the first action.

Finally, concerning Box's remand assertion, the district court denied Box's post-removal motion to amend his complaint to delete his ADA claim.  In any event, *even if* it had allowed the amendment to delete the only federal claim raised, the district court had discretion to exercise supplemental jurisdiction over Box's state-

3

law claim.  *See* 28 U.S.C. § 1367; *see also* **Guzzino v. Felterman**, 191 F.3d 588, 595 (5th Cir. 1999) (noting "wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims").  It did *not* abuse that discretion.

*AFFIRMED*