PER CURIAM: *
Plaintiffs-Appellants are approximately 1000 “Victims of [Hurricane] Katrina,” whom Attorney Ashton R. O’Dwyer, Jr. purports to represent in a suit against various government and private actors. Through this and similar suits, O’Dwyer has been responsible for a large volume of Hurricane Katrina-related litigation in the district court, and for a corresponding bevy of appeals.[1] We have repeatedly rejected O’Dwyer’s arguments, but he persists in re-arguing the same issues in subsequent appeals. The present appeal challenges an order issued April 3, 2007, in which the district court dismissed claims that, for the most part, it had previously dismissed (and whose previous dismissal we affirmed),[2] but which O’Dwyer re-filed in a new complaint. We AFFIRM the ruling of the district court, and DENY the parties’ cross-motions for sanctions.
The district court dismissed O’Dwyer’s claims against Louisiana agencies and officers, in their official capacities, on sovereign immunity grounds under Federal Rule of Civil Procedure 12(b)(1). We review a 12(b)(1) dismissal de novo. Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir.2008). O’Dwyer argues that Louisiana waived sovereign immunity by bringing other lawsuits as a plaintiff in federal court, and constructively waived sovereign immunity by accepting various forms of federal assistance after Hurricane Katrina. This court considered and rejected similar arguments in a prior appeal of this case, and in another argued by O’Dwyer. See O’Dwyer v. United States ex rel. U.S. *835 Army Corps of Eng’rs, 277 Fed.Appx. 512 (5th Cir.2008); Fairley v. Stalder, 294 Fed.Appx. 805 (5th Cir.2008). Again in this appeal, we hold that O’Dwyer fails to demonstrate that Louisiana’s litigation conduct created “inconsistency, anomaly, and unfairness” to a degree that requires waiver of sovereign immunity, or that Congress, by unmistakable statutory language, conditioned post-Katrina aid on Louisiana waiving sovereign immunity. See Fairley, 294 Fed.Appx. at 810 (citing Lapides v. Bd. of Regents, 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), and Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 243, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)).
O’Dwyer presents two additional arguments regarding claims against Louisiana. First, he argues the district court should have granted him discovery regarding purported “strings attached” to federal Katrina aid, to help him demonstrate constructive waiver. He made the same argument in Fairley, where we determined that “discovery [was] unnecessary and dismissal [was] appropriate,” because O’Dwyer failed to identify any statutory requirement of sovereign immunity waiver. Id. at 810. Here as well, he fails to argue that any such discovery would have helped him satisfy the elements of an otherwise viable claim. Second, O’Dwyer suggests he should be allowed to sue Louisiana actors in their official capacities under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), held that a state is not a “person” subject to suit under § 1983. O’Dwyer argues that Will should not apply when sovereign immunity is waived. Having affirmed the district court’s ruling that sovereign immunity was not waived, we need not reach this argument.
The district court dismissed O’Dwyer’s § 1983 claims against individual state officers, on qualified immunity grounds, under Federal Rule of Civil Procedure 12(b)(6). We review a dismissal for failure to state a claim de novo. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir.2008). This court rejected O’Dwyer’s § 1983 arguments, in connection with the present case, in Appeal No. 06-30840. See O'Dwyer, 277 Fed.Appx. at 513. We do so again. See generally Hare v. City of Corinth, 135 F.3d 320, 325 (5th Cir.1998).
After dismissing O’Dwyer’s claims against Louisiana agencies and officials in their public and individual capacities, the district court declined to retain supplemental jurisdiction over related state law claims. We review that decision for abuse of discretion. See Guzzino v. Felterman, 191 F.3d 588, 596 (5th Cir.1999). We previously determined the district court was within its discretion to decline to exercise supplemental jurisdiction in this case, see O’Dwyer, 277 Fed.Appx. at 513, and reach the same conclusion now. See Guzzino, 191 F.3d at 594 (explaining that a district court may decline to exercise supplemental jurisdiction when, inter alia, it has dismissed all claims with original jurisdiction or there are other compelling reasons).
In addition, the district court dismissed certain claims removed from state court for failure to effect timely service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). We review that decision for abuse of discretion. Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 445 (5th Cir.1996). Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity. Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir.1992). The parties dispute the source of law for determining the service period, but that dispute is immaterial. O’Dwyer admits his tardiness under any standard. The district court did not abuse its discretion when it dis *836 missed O’Dwyer’s claims under Rule 12(b)(5).
O’Dwyer next complains about alleged misconduct in the proceedings before the district court, while conceding that these issues are “not yet ‘squarely’ before This Honorable Court.” We agree, and do not consider them.
Finally, O’Dwyer argues that the state’s lawyers deserve sanctions for allegedly failing, in the proceedings below, to disclose the existence of lawsuits that he argues waived sovereign immunity. It is not clear if this is a request for sanctions from this court or an appeal of the district court’s denial of O’Dwyer’s motion to disqualify the Louisiana Department of Justice. We reject his argument in either event. Sanctions are not appropriate, and the district court was within its discretion to deny the motion.
In addition to the merits of the appeal, Defendants-Appellees have filed a motion for sanctions against O’Dwyer, to which he responded with a motion for sanctions against them. We DENY both motions for sanctions, and AFFIRM the decision of the district court in all regards.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. O'Dwyer’s conduct in litigation below led to escalating sanctions, culminating in his suspension from practice before the Eastern District of Louisiana. O'Dwyer has appealed that suspension. Issues related to sanctions imposed against O’Dwyer below are not before the court in the present appeal.

. See O’Dwyer v. United States ex rel. U.S. Army Corps of Eng’rs, No. 06-30840, 277 Fed.Appx. 512 (5th Cir.2008).