PRADO, Circuit Judge,
dissenting:
I must disagree with my colleagues, whom I respect greatly, that the district court’s decision to decline to remand a case properly before it amounted to an abuse of discretion. Section 1367(c)’s text and Supreme Court precedent make clear that there is no bright-line rule for determining whether a district coxxrt should retain pendent state-law claims, and our own precedent directs us to review these decisions mindful of the “wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims.” Guzzino v. Felterman, 191 F.3d 588, 595 (5th Cir.1999) (citation omitted). The majority glosses over these first principles and nonetheless concludes that the district court abused its discretion simply because the common-law factors weigh in favor of remand. This, plain and simple, is de novo review and amounts to back-seat driving in precisely the type of decision in which we should be wary of second-guessing the judgment of the district court. I cannot condone my colleagues’ decision to strip the district court of that “wide discretion” simply because they weigh the factors differently than the trial court.
My conviction that my colleagues are wrong in this case stems, in part, from my nineteen years as a federal district judge, during which time I was often placed in the same situation as the district court here. To be sure, I agree with the majority that the common-law factors in this case weigh in favor of remand. If I were still a trial judge facing the same situation I would likely have remanded the remaining claims to state court, as would most judges. That is not, however, our inquiry here. Rather, we must ask whether the facts of this case weigh so strongly in favor of remand that a district court with proper supplemental jurisdiction over Enochs’s claims not only should have, but was required to remand the claims to state court. As far as I can tell, we have only found this to be the case once, almost twenty years ago and on facts, as I will explain, that are distinguishable from this case. See Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 587 (5th Cir.1992). I simply do not believe that the factors here weigh so strongly in favor of remand that the district court’s decision to retain and expeditiously dispose of Enochs’s pendent state-law claims constituted an abuse of its wide discretion.

A. 28 U.S.C. § 1867(c) Is Not a Balancing Test

As an initial matter, I object to the majority’s treatment of the four enumerat *164 ed circumstances in which a court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as a balancing test. Section 1367(c) authorizes a court to decline to exercise supplemental jurisdiction over a state-law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over any federal claims; (3) the district court has already dismissed all federal claims; or (4) there are exceptional circumstances or other compelling reasons to decline jurisdiction. On its face, § 1367(c) is a list of situations in which it may be permissible for a district court to remand pendent state-law claims, and not a set of factors to be balanced. The statute separates the subsections by the word “or,” indicating that only one of the four factual scenarios need be present before a district court may properly, in its discretion (by applying the Camegie-Mellon[1] or other common-law factors), decline to exercise supplemental jurisdiction.
Section 1367 was passed as part of the Judicial Improvements Act of 1990, Pub.L. No. 101-650, 104 Stat. 5089-5136, effective to suits filed after December 1, 1990. See Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018-19 (5th Cir.1993). Starting with McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir.1998), overruled on other grounds by Arana v. Ochsner Health Plan, 338 F.3d 433 (5th Cir.2003), we departed from our prior precedent and began treating the § 1367(c) list of circumstances in which a federal court may decline to exercise supplemental jurisdiction as a distinct set of factors to be balanced, akin to the Camegie-Mellon common-law factors.[2] Previously, we considered § 1367(c) to merely be a list of conditions — of which only one need be present — upon which a court could exercise its discretion to dismiss or remand pendent state-law claims. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 328 & n. 35 (5th Cir.1998) (mentioning § 1367(c), but applying only the Camegie-Mellon common-law factors); see also Doddy v. Oxy USA, Inc., 101 F.3d 448, 455-56 (5th Cir.1996) (same). While our sister circuits differ as to whether they believe § 1367 alters judicial discretion under the Camegie-Mellon and Gibbs[3] framework or merely incorporates it, only one other circuit[3]
[4] arguably engages in anything similar to the § 1367(c) “bal *165 ancing” that the Fifth Circuit has recently engaged in.[5]
Our recent practice of engaging in § 1367(c) “balancing” has no foundation in *166 the statute’s text, our own precedent, or in the practice of our sister circuits. “[WJhere two previous holdings or lines of precedent conflict, the earlier opinion controls and is the binding precedent in the circuit.” United States v. Wheeler, 322 F.3d 823, 828 n. 1 (5th Cir.2003) (internal quotation marks and citation omitted) (alteration in Wheeler). The majority, in error, follows the more recent line of eases from our Circuit and weighs the § 1367(c) “factors” in this case in addition to separately weighing the Camegie-Mellon common-law factors.[6] Here, the district court could have declined to exercise supplemental jurisdiction over Enochs’s state-law claims because all of the federal claims had been dismissed from the litigation. This observation is sufficient under our own precedent to turn to whether the common-law factors articulated in Camegie-Mellon or any other relevant considerations indicate that the district court’s continued exercise of supplemental jurisdiction was an abuse of discretion.

B. The District Court Did Not Abuse Its Discretion

I agree that the common-law factors of judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction, but do not believe they weigh so clearly or overwhelmingly that the district court abused its discretion in retaining and deciding Enochs’s state-law claims. The judicial-economy factor considers whether there would be any “significant additional burdens on the parties such as repeating the effort and expense of the discovery process[ or] the relitigation of procedural matters” either by staying in federal court or by going back to state court. See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 603 (5th Cir.2009). This factor is neutral: the district court was already slightly familiar with the case and had issued a ruling on a motion to dismiss, but the case was in its early stages, and a state court could easily catch up had the case been remanded. Convenience favors remand because all parties, witnesses, and evidence are in Lampasas County, and the federal district court is seventy miles away in Austin. Seventy miles is not, however, so great a distance as to be unduly burdensome. Fairness to the parties did not weigh either way, as neither party would have been prejudiced by having the case tried in federal court or in state court. At most, it would be fairer to the parties to have Enochs’s novel § 614 claim decided by a state court. Comity favors remand, as it *167 always does in these situations, because federal courts are courts of limited jurisdiction, and Texas state courts have superior familiarity with, and heightened interests in developing, Texas state law.
In addition to providing the above list of common-law factors to consider, CamegieMellon also admonished federal courts to guard against improper forum manipulation by plaintiffs by denying motions to remand where appropriate. 484 U.S. at 357, 108 S.Ct. 614; see Brown v. Sw. Bell Tel. Co., 901 F.2d 1250, 1255 (5th Cir.1990) (“[I]t is apparent that by dropping his admittedly preempted claims and moving for a remand, Brown attempted to engage in precisely the sort of forum manipulation proscribed by Camegie-Mellon.”).[7] We have followed Camegie-Mellon’s admonition and condoned district courts’ decisions to retain pendent state-law claims when plaintiffs attempt to evade removal jurisdiction:
[W]e express our disapproval of Burks’s attempt at forum manipulation. He has tried and failed to delete all of the federal claims from his complaint in order to get the district court to remand. In Camegie-Mellon, ... the Court urged the lower federal courts to guard against such manipulation by denying motions to remand where appropriate.
Burks v. Amerada Hess Corp., 8 F.3d 301, 306 (5th Cir.1993), abrogated on other grounds by Giles, 172 F.3d 332. And as we stated in Boelens v. Redman Homes, Inc.:
When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant’s right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned.
759 F.2d 504, 507 (5th Cir.1985) (citation omitted) (alterations in original). Enochs’s simultaneous motions to dismiss and to remand could have been seen as a clear attempt to get his case sent back to state court.
While the majority makes the uncontroversial statement that “plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping,” Guzzino, 191 F.3d at 595, forum manipulation may be exactly what Enochs engaged in. As we made clear in Boelens, Enochs was the master of his complaint and put his choice of forum at risk when he alleged federal claims. Lampasas County properly removed the case, and if Enochs wanted so desperately to avoid trying his claims in federal court he should have made the tactical decision not to plead any federal claims from the outset. The district court could have properly viewed his motions to amend and remand as forum shopping and thus properly denied the motion to remand. This consideration is not, as the majority paints it, a “trump card” that overrides the other factors also articulated in Camegie-Mellon-, rather, it is an additional factor to be weighed that, in this case, makes it clear to me that the district court’s decision to keep the state-law claims was within its wide discretion and should not be disturbed.
*168 We have only once found that a district court improperly exercised supplemental jurisdiction over pendent state-law claims after the federal claims had dropped out of the litigation.[8] Parker, 972 F.2d at 587. In Parker, we explained that the plaintiff filed a second amended complaint that “markedly revised its theories of recovery” in almost every respect one week before the motion to dismiss was filed, and “[t]he filing of a pleading that so substantially changed important aspects of the case meant that the case was at an earlier stage than the parties and the court previously might have thought.” Id. Here, the case was in district court for almost three months when the federal claims dropped out and the plaintiff engaged in a seemingly transparent effort to have his case sent back to state court. The district court was at a minimum familiar with Enochs’s federal claims after deciding a motion to dismiss, and had ample time to review all of Enochs’s claims and determine whether his state-law claims merited resolution by the state court. Furthermore, in Parker the plaintiff originally brought suit in federal court and had its only federal claim dismissed by the district court on a motion to dismiss shortly after it filed its second amended complaint. Whereas this case likely presents a concerted effort by the plaintiff to “oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions,” there was no such taint of forum manipulation in Parker. See Boelens, 759 F.2d at 507. In short, Parker does not control the outcome of this case.
We should be wary to go down a path that transforms the “general rule” of exercising discretion not to hear proper pendent state-law claims into a bright-line dictate removed from district judges’ experience and familiarity with the parties and merits of the claims before it. While remanding the case to state court may have been the more prudent choice, there are ample considerations that weigh in favor of retaining jurisdiction. In light of the difficulty with which this decision must be weighed, I cannot be as quick to second-guess that decision as my colleagues.
I therefore respectfully dissent.

. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

. In McClelland, the district court examined the § 1367(c) elements, concluded none applied, and summarily retained supplemental jurisdiction. 909 F.Supp. 457, 464 (E.D.Tex. 1995). We, however, disagreed that the case presented justiciable federal-law claims, evaluated each part of § 1367(c), and concluded that remand was appropriate based on the statute alone. McClelland, 155 F.3d at 519-20. McClelland therefore incorrectly applied existing precedent twofold: by, for the first time, treating the § 1367(c) factors as a balancing test, and by failing to evaluate the Camegie-Mellon common-law factors we have long used as a balancing test.

. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir.2001). The Fourth Circuit in Hinson stated:
The exercise of discretion in these circumstances involves two overlapping decisions to be made by the district court — whether to continue exercising federal jurisdiction over pendent claims and whether to remand the case to State court. Section 1337(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court’s jurisdiction remains in the case; or other compelling reasons. And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider principles of economy, convenience, fairness, and
*165 comity and whether the efforts of a party in seeking remand amount to a manipulative tactic.
239 F.3d at 617. (internal quotation marks and citation omitted). Yet even the Fourth Circuit at best is uneven in how it applies § 1367(c) and evaluates discretionary remand decisions. See Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (noting that § 1367(c) provides that courts "may decline” to exercise supplemental jurisdiction in certain circumstances, and stating that "[ajmong the factors that inform this discretionary determination are” the Carnegie-Mellon factors).
Nor does the Eighth Circuit's somewhat murky case law support our Circuit’s recent practice. That Circuit most frequently cites to Gibbs and Carnegie-Mellon (and their Eighth Circuit progeny) when it addresses § 1367(c) remands. See, e.g., Barstad v. Murray Cnty., 420 F.3d 880, 888 (8th Cir.2005) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims.” (quoting Carnegie-Mellon, 484 U.S. at 350 n. 7, 108 S.Ct. 614 (internal quotation marks omitted))); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir.1994) ("[Section 1367(c)] plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein.”). The Eighth Circuit has once stated, however, that it "look[s] to the factors set forth in § 1367(c)” without explaining what that means. Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1037 (8th Cir.1999). Whether the Fielder court meant to engage in balancing of the § 1367(c) "factors” as this Court has recently done, however, is doubtful. See id. at 1038 (citing Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir.1995) (applying Carnegie-Mellon factors), and Parker, 972 F.2d 580 (applying Carnegie-Mellon factors)).

. All of the other circuits engage in the traditional common-law analysis and do not balance the § 1367(c) "factors.” See Estate of Amergi ex rel. Amergi v. Palestinian Auth., 611 F.3d 1350, 1366 (11th Cir.2010) ("If one of these four statutory factors [of § 1367(c)] applies, courts may also consider additional factors, which include judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.” (internal quotation marks and citation omitted)); Nielander v. Bd. of Cnty. Comm’rs of Cnty. of Republic, Kan., 582 F.3d 1155, 1172 (10th Cir.2009) (“In deciding whether to exercise jurisdiction [under § 1367(c)], the district court is to consider judicial economy, convenience, fairness, and comity.' ”); Williams Elecs. Games, Inc. v. Garrity, 479 F.3d 904, 906-08 (7th Cir.2007) (explaining that § 1367(c) codified common-law pendent jurisdiction principles (with changes), noting that a court may dismiss a claim under § 1367(c)(3) where it meets one of the four criteria "without having to consider the [other] criteria,” and explaining that the Seventh Circuit's precedent identifies specific circumstances (in common law) in which that discretionary authority should not be exercised); Blakely v. United States, 276 F.3d 853, 863 (6th Cir.2002) ("28 U.S.C. § 1367(c), itself, makes clear that a district court may, not must, decline to exercise supplemental jurisdiction [where the federal claims are dismissed], The district court's decision to exercise supplemental jurisdiction at this point depends on judicial economy, convenience, fairness, and comity.” (internal quotation marks and citation omitted)); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 446-48 (2d Cir.1998) (holding that § 1367 altered Gibbs’s discretionary pendent-jurisdiction analysis, adopting a framework that "[o]nce a court identifies one of the factual predicates which corresponds to one of the subsection 1367(c) categories, the exercise of discretion is informed by whether remanding the pendent state claims comports with the underlying objective of” the Camegie-Mellon factors, and determining that the district court improperly remanded state-law claims when it evaluated the Camegie-Mellon factors without first determining whether one of the enumerated § 1367(c) conditions applied (internal quotation marks omitted)); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values of economy, convenience, fairness, and comity.” (internal quotation *166 marks omitted)); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996) (noting that § 1367(c)(3) applied and stating that the trial court was to evaluate whether it should retain jurisdiction over remaining state-law claims taking into account the common-law factors); Edmondson & Gallagher v. Alban Towers Tenants Ass’n, 48 F.3d 1260, 1266 (D.C.Cir.1995) (noting that § 1367 codified Gibbs, and that the decision whether to exercise supplemental jurisdiction is "guided by consideration of the [§ 1367(c)] factors,” and stating that “Gibbs determines the framework in which [the § 1367(c) circumstances] are to be considered, mentioning judicial economy, convenience, fairness and comity as relevant”); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788-89 (3d Cir. 1995) (explaining that § 1367(c) was intended to codify pendent jurisdiction law in Gibbs, stating that only one of the § 1367(c) criteria was allegedly applicable in the case (subsection (2)), and conducting a Gibbs/Carnegie-Mellon analysis of that criteria/factor).

. Even assuming our precedent requires us to balance the § 1367(c) "factors,” those factors only modestly weigh in favor of the district court declining jurisdiction. Only Enochs's Texas Government Code § 614 claim requires interpreting Texas law without guidance from the Texas Supreme Court (the § 1701.456(b) argument can be resolved without addressing the sovereign-immunity-waiver issue), and there are no exceptional circumstances in this case.

. In Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 340 (5th Cir. 1999), we noted that deleting preempted federal claims is not forum manipulation because those claims are not "valid causes of action.” How our Circuit comes down on this issue is irrelevant, as it is not argued that Enochs’s claims are preempted.

. Certain Underwriters at Lloyd’s, London and Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir.2006), is inapposite because it involved state-law counterclaims that "rode into federal court on the coattails" of arbitration-related affirmative defenses that were determined to be merit-less. The counterclaims arose "out of separate and independent actions" and were collateral and not related to the heart of the suit.