THE RONALD ALEXANDER LE-
BLANC TRUST and Ronald Alexan-
der Leblanc, Sr., as Trustee for The
Ronald Alexander Leblanc Trust,
Plaintiffs,

v.

Sandra RANSOM, Lauren L. Pall, and
Houston, Marek & Griffin, L.L.P.,
Defendants.

No. CIV.A. H–03–0969.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 13, 2003.

Ronald Alexander Leblanc, Pro se, Federal Correctional Institution, Beaumont, for Plaintiffs.

John Griffin, Jr., Houston, Marek & Griffin, LLP, Victoria, for Defendants.

### ORDER

HITTNER, District Judge.

Pending before the Court are the following: Plaintiffs' Motion for a Preliminary Injunction; Defendants' Combined Motion to Dismiss or in the Alternative, to Transfer Venue and Brief in Support; and Plaintiffs' Motion for Partial Summary Judgment and for Preliminary Injunction. Having considered the motions, submissions, applicable law, and the entire record, the Court determines that this suit should be dismissed for lack of subject matter jurisdiction.

### I. Procedural History

Plaintiffs The Ronald Alexander Leblanc Trust (the "Trust") and Ronald Alexander Leblanc, Sr. ("Leblanc") filed this suit in the United States District Court for the Western District of Louisiana on March 13, 2003 against Defendants Sandra Ransom, Lauran L. Pall,[1] and the law firm of Houston, Marek, & Griffin for conversion, misappropriation, conspiracy to illegally seize assets, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of fiduciary duty, slander, libel, and intentional infliction of emotional distress. Plaintiffs seek damages and injunctive relief. Defendant Ransom filed a motion to dismiss for lack of personal jurisdiction and improper venue in the Western District of Louisiana. The court denied the motion to dismiss, found that it lacked personal jurisdiction over Defendant Ransom, and transferred the case to the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).

### II. Background

Leblanc filed this suit pro se on behalf of himself and the Trust, alleging that Defendant Ransom, his former spouse,[2] improperly administered the Trust. Leblanc further asserts in the suit that Ransom is not the lawful and proper successor trustee. Leblanc is currently incarcerated in a federal correctional facility in Beaumont, Texas pursuant to his conviction and sentence in January 1997 under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On November 21, 1996, Leblanc established two trusts to be administered as a single trust fund (the plaintiff in this suit) consisting of a 24-acre farm located in Victoria County, Texas. Defendants state that as a result of the creation of the Trust, the property was not subject to attachment for judgments or fines, and was not required to be liquidated to satisfy any potential penalties, takings, or fines.[3] Leblanc named his two children, Kathryn May Leblanc and Ron-

---

1. Ms. Pall uses the spelling "Lauran" in her affidavit.

2. Leblanc and Ransom were married on February 7, 1979.

3. Leblanc's plea agreement with the Government, signed on November 12, 1996, includes the following language:

ald Alexander Leblanc, Jr. as the beneficiaries of the Trust. Sandra Ransom was designated as a beneficiary for child support payments due and owing or accruing after 1996 from Leblanc.

At the time of the creation of the Trust, Leblanc named Betty Moritz as Trustee. The instant suit flows in part from a dispute that arose regarding the appointment of Moritz's successor trustee. Defendants state that on August 6, 1997, Moritz resigned and, in accordance with her rights to appoint a successor trustee as contained in the trust documents, appointed Sandra Ransom as trustee.[4] The assignment documents reflecting Ransom's appointment are typed, executed by Moritz and Ransom, notarized on the same date, and filed with the Victoria County Clerk on December 15, 1997.

Leblanc refutes the validity of the August 6, 1997 assignment and alleges he was appointed as the successor trustee on July 20, 1997 by Moritz.[5] The document he produces to support his claim is handwritten, executed by Moritz, dated July 20, 1997 at the top of the page, accepted by Leblanc in a handwritten statement on the same page on July 29, 1997, notarized on November 12, 1997, and filed with the Victoria County Clerk on June 1, 1998. Defendants assert that Leblanc backdated the document in order to have it appear that his appointment occurred prior to Ransom's appointment. After his alleged

appointment, Leblanc designated a manager with a Louisiana business address who established a Louisiana bank account pertaining to the Trust.

Defendant Lauran L. Pall is an associate with the law firm of Houston, Marek & Griffin, L.L.P., and practices in the area of real estate and probate. Ransom contacted Defendant Pall in June 2001 and later retained her for representation relating to the trustee dispute. Plaintiffs have named Pall and her law firm as defendants in the instant suit.

### III. Law and Analysis

Defendants move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis Plaintiffs have failed to allege sufficient facts to establish subject matter jurisdiction and for failure to state a claim under RICO. Defendants move alternatively for transfer to the Victoria Division of the Southern District of Texas. In their response to the motion to dismiss, Plaintiffs indicate that they do not oppose dismissal of the RICO cause of action. Therefore, by agreement of the parties, the RICO cause of action is dismissed.

Plaintiffs also agree to non-suit the causes of action for conspiracy, slander, libel, and intentional infliction of emotional distress, and assert that they have no opposition to Defendants' request to transfer this suit to the Victoria Division of the

---

The Government agrees not to seek forfeiture of the real property described in the Notice of Holdings Subject to Forfeiture of the Indictment so long as the Defendant, no later than 15 days after the entry of his guilty plea, irrevocably transfers ownership of the real property to his two minor [children]. The Government has no objection to upon such a transfer, or contemporaneous with the transfer, that the property be placed in a[n] irrevocable trust for the Defendant's two minor children. The Defendant agrees to forfeit the real property to the United States if such transfer of the

property is not executed within 15 days of his guilty plea. Upon transfer of the property the Government agrees to withdraw its Notice of Lis Pendens filed against the property.

4. Ransom's affidavit indicates that Moritz resigned as trustee due to health conditions.

5. Leblanc additionally asserts that the assignment to Ransom is improper because he specifically identified Wiley Moritz and Raymond E. Allain, Sr. as successor trustees in the Trust agreement.

United States District Court, Southern District of Texas. Thus, the claims remaining in the suit are state law causes of action for conversion, misappropriation, and breach of fiduciary duty.

■ In light of Plaintiffs' abandonment of the RICO cause of action, the existence of which supported federal question jurisdiction, the Court must examine the basis of its jurisdiction. Leblanc filed his complaint and amended complaint in federal court asserting jurisdiction based on both federal question under RICO and diversity. When both federal and state law claims are asserted, and the federal claim is dismissed prior to trial, the federal district court must (i) examine whether alternative grounds for jurisdiction (such as diversity) exist, if such alternative grounds have been raised by the plaintiff, and (ii) determine whether to exercise supplemental jurisdiction[6] over the state law claims. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 n. 12 (5th Cir.1999).

### A. Diversity Jurisdiction

■ If the federal claim supporting jurisdiction has been eliminated, dismissal of supplemental state law claims is improper where an independent basis for federal jurisdiction, such as diversity, exists. *See id.* Plaintiffs argue that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 "as the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of costs and interest." Leblanc

asserts in his response to the motion to dismiss that he is from Louisiana and "has maintained a residence in Iberia Parish since 1948."[7] Leblanc states that after his release from prison, scheduled for February 29, 2004, he will reside in a halfway house in Louisiana and then return to his residence at 109 Steven Street, New Iberia, Louisiana.[8] In support of his assertion of Louisiana citizenship, Leblanc refers to the plea agreement in his federal criminal case, in which he agreed "never to maintain any ownership interest in the real property" that is the subject of the Trust. Leblanc also agreed not to "enter the real property" as a condition of supervised release.

Plaintiffs further indicate that "[a]fter its creation the Trust was established at the address of its manager," Medrick Guillotte, in Iberia, Louisiana, and that Guillotte set up a bank account for the management of the funds of the Trust. For these reasons, Plaintiffs assert that the Trust is domiciled in Louisiana. Leblanc argues that even if the Court concludes that the Trust is a citizen of Texas, complete diversity still exists, because both Leblanc and Ransom are "claiming on behalf of" the Trust, the Trust is not a claimant, and, therefore, Leblanc and Ransom, the two actual claimants, are completely diverse.

■ Federal district courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds

---

**6.** In federal question cases, a valid federal claim must be pleaded before a federal court can exercise supplemental jurisdiction over any additional state law claims. Although it is not necessary for a plaintiff to be able to prevail on the federal claim, supplemental jurisdiction will not exist where the federal cause of action as alleged was "insubstantial," defined as "absolutely devoid of merit or obviously frivolous." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991). As an alternative holding to the Court's election *in-*

*fra* not to exercise supplemental jurisdiction, this Court finds that supplemental jurisdiction is not appropriate in the instant suit because Plaintiffs have not demonstrated to the Court that the RICO claim was not "insubstantial."

**7.** In the trust documents executed in 1996, however, Leblanc indicated he was a resident of the State of Texas.

**8.** The residence at 109 Steven Street is near Leblanc's mother's home.

the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Courts apply the phrase "citizens of different states" to require complete diversity between the parties. *E.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.,* 99 F.3d 746, 751 (5th Cir.1996). In cases based solely on diversity jurisdiction, no plaintiff may be a citizen of any state of which any defendant is also a citizen. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Because federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction and the party asserting diversity jurisdiction has the burden of proof on that issue. *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir.1991). Here, the citizenship of both plaintiffs is in dispute. Defendants Ransom, Pall, and the law firm of Houston, Marek & Griffin are all citizens of the state of Texas. Thus, if either plaintiff is a citizen of Texas, diversity is defeated and this Court lacks jurisdiction. Defendants argue that the citizenship of the Trust lies in Texas because the property of the Trust is located in Victoria County, Texas, the Trust was entered into in Victoria County, Texas, the beneficiaries of the Trust are citizens of Texas, and the Trust was created in Texas, with a forum selection clause specifying the state district court of Victoria County, Texas as the proper forum for the interpretation of provisions of the Trust.

■ For the purposes of diversity jurisdiction, the citizenship of a trust is determined by the citizenship of the trustee or trustees. *Goldstick v. ICM Realty,* 788 F.2d 456, 458 (7th Cir.1986); *UICI v. Gray,* No. Civ. A. 3:01CV0921L, 2002 WL 356753, at *6 n. 10 (N.D.Tex. March 1, 2002) (citing *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 462, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)); *see Moore v. Simon*

*Enter. Inc.,* 919 F.Supp. 1007, 1008 (N.D.Tex.1995) ("[p]laintiff is a Texas trust whose trustee and beneficiaries are citizens of Texas"). However, the identity of the proper trustee is a contested matter in the instant suit. Thus, although the Trust was organized and exists under the laws of the State of Texas, because the identity of the trustee, and, hence, the citizenship of the trustee and of the Trust itself, cannot readily be ascertained without delving into a decision on the merits of the case, the Court turns to an analysis of the citizenship of the other plaintiff, Leblanc.

■ Plaintiffs and Defendants disagree regarding the proper citizenship of Leblanc. The relevant standard of law holds that for purposes of diversity jurisdiction, a prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state. *Bontkowski v. Smith,* 305 F.3d 757, 763 (7th Cir.2002). Leblanc alleges he is a citizen of Louisiana based on his plan to reside there after his release from prison. Defendants claim his assertions are a ruse to create the appearance of diversity jurisdiction. Defendant Ransom and Leblanc's two adult children state in their affidavits attached to the motion to dismiss that Leblanc has never informed them of any intention to reside in Louisiana after his release from prison. Leblanc refutes this evidence, stating that Defendant Ransom possesses correspondence from him indicating his desires and plans to reside in Louisiana. In support of his alleged plan to move to Louisiana, Leblanc emphasizes that he owns a furnished home next to his elderly mother's residence, who is in need of care. He also reminds the Court that he is banned from the only Texas property he owned, and would thus have no place to reside in Texas.[9]

---

9. The plea agreement states, "Pursuant to this plea agreement the Defendant agrees to never

Although on its face, the rule of law regarding the citizenship of a prisoner for diversity purposes appears to support Leblanc's claim to be a citizen of Louisiana based solely on his assertion that he intends to relocate to Louisiana, Leblanc has not cited nor, after an extensive search, has this Court located caselaw favoring the application he seeks. In the relevant cases, the courts have determined that the prisoner's citizenship lies either in the state of his citizenship prior to incarceration or in the state where he is currently incarcerated, depending upon his expressed intent. *See Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir.1973) (holding that a prisoner may show he has developed the intention to be domiciled in the state in which he is incarcerated, when his citizenship prior to incarceration was elsewhere); *Bontkowski*, 305 F.3d at 763 (citing the general rule but determining, where the prisoner made no allegations as to his own citizenship in the pleadings, that the prisoner was a citizen of the state where he resided prior to incarceration on the premise that "incarceration in a state does not make one a citizen of that state"); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991) (determining the prisoner's domicile to be Virginia, the state in which he lived before he was incarcerated); *Gatto v. Macmillan*, No. Civ. A. 96–2910, 1996 WL 526854, at *1 (E.D.Pa. Sept.18, 1996) (citing the general rule but finding that the prisoner was a citizen of New Jersey, where he resided before being sent to prison, not Pennsylvania, where he was incarcerated); *Chaverra–Cardona v. Genson, Steinback & Gillespie*, No. 88 C 7320, 1990 WL 19976, at *2 (N.D.Ill. Feb.27, 1990) (finding the prisoner to be a citizen of the state of his incarceration, Kansas, rather than his prior state of residence, Illinois, where the prisoner claimed he was a Kansas citizen and his sentence provided for incarceration of at least 20 years).[10]

There is nothing to indicate to this Court that Leblanc was not a citizen of Texas prior to his incarceration. He resided in Texas at least since his marriage in 1978 and owned property in Texas. He executed the Trust agreement as a citizen of Texas. He is now incarcerated in a federal facility in Texas. Unlike the circumstances of the prisoners in the relevant cases, Leblanc *is incarcerated in the state in which he is a citizen.* His claim to Louisiana citizenship is not based on either current incarceration in Louisiana or immediate prior residency there, but rather solely on his expressed intentions, in conjunction with the prosecution of this lawsuit, to move there after his release. In no instance has a federal court allowed a prisoner to establish citizenship for purposes of diversity based upon such an assertion. The Court finds Leblanc's claim to Louisiana citizenship to be unsupported by the cases setting forth the general rule of law. Thus, the Court will not base diversity jurisdiction on Leblanc's unsubstantiated declaration of intent to reside in a state in which he is neither incarcerated nor lived immediately prior to his conviction. Based on this distinguishing factor in Leblanc's claim to Louisiana citizenship, this Court concludes Plaintiffs fail to demonstrate the requisite showing for complete diversity.

**B. Supplemental Jurisdiction**

 A federal court may decline to exercise supplemental jurisdiction where it has dismissed the claim on which its origi-

---

maintain any ownership interest in the real property.... The Defendant agrees that as a condition of supervised release [subsequent to his release from prison, he will] not [ ] enter the real property described in the Notice of Holdings Subject to Forfeiture of the Indictment."

**10.** This Court can locate no Fifth Circuit case addressing this point of law.

nal jurisdiction was based. 28 U.S.C. § 1367(c)(3). Because no federal question remains, the Court "must exercise its discretion whether to exercise supplemental jurisdiction over [plaintiffs'] state law claims." *Bass*, 180 F.3d at 246. "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims" to allow them to proceed in the state courts. *Id.* A district court has broad discretion to dismiss the state law claims. *See Guzzino v. Felterman*, 191 F.3d 588, 594–95 (5th Cir.1999). In the instant case, this Court's dismissal of the only federal claim in the suit so far in advance of trial coupled with Plaintiffs' acquiescence, upon motion by Defendants, to dismiss the RICO claim weighs heavily in favor of a determination to decline supplemental jurisdiction of the state law claims.

## IV. Conclusion

There are no federal causes of action remaining in this suit to support federal question jurisdiction. Furthermore, the Court concludes Plaintiffs have failed to meet their burden of demonstrating complete diversity of citizenship among the parties. Plaintiffs have asserted no other basis for jurisdiction and none is appropriate, and the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the Court hereby

ORDERS that Plaintiffs' causes of action for RICO, conspiracy, slander, libel, and intentional infliction of emotional distress are dismissed by agreement of the parties. The Court further

ORDERS that Defendants' Combined Motion to Dismiss is GRANTED on the basis that this Court lacks diversity jurisdiction. Additionally, the Court declines to exercise supplemental jurisdiction over the state law claims.

*FINAL JUDGMENT*

As the Court has granted Defendants' Motion to Dismiss for lack of subject matter jurisdiction, the Court

ORDERS that final judgment be entered in favor of Defendants Sandra Ransom, Lauran L. Pall, and Houston, Marek & Griffin, L.L.P. This suit is hereby dismissed. This is a FINAL JUDGMENT.