# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

No. 22-10609
Summary Calendar

John Louis Atkins,

*Plaintiff—Appellant*,

*versus*

Jeffrey A. Propst,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-166

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

John Louis Atkins, Texas prisoner No. 2184778, appeals the district court's dismissal of his second amended complaint for lack of subject matter jurisdiction. Because Atkins fails to show any reversible error, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I

This appeal stems from Atkins's lawsuit against his former attorney, Jeffrey A. Propst, and it is the second appeal on these facts. Among other allegations, Atkins alleged that Propst committed legal malpractice, breached his fiduciary duty, and violated Atkins's right to due process. Having reviewed Atkins's complaint, the district court originally *sua sponte* dismissed the complaint for lack of subject matter jurisdiction and failure to state a claim. In dismissing the case for lack of subject matter jurisdiction, the district court held that there was no complete diversity because both Atkins and Propst are citizens of Texas. Atkins appealed this dismissal to the Fifth Circuit. *Atkins v. Propst*, No. 20-11008, 2022 WL 24504, at *1 (5th Cir. Jan. 3, 2022). On that appeal, Atkins argued that because he is a citizen of Wyoming, the district court erred in holding that diversity did not exist.

However, we declined to address the issue because "The district court should have given Atkins an opportunity to further develop his allegations before sua sponte dismissing the case." *Id.* (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Consequently, the panel vacated the judgment of the district court and remanded the case "so that Atkins may receive such an opportunity." *Id.*

On remand, the district court ordered Atkins to file a second amended complaint so he could cure any defects. Atkins submitted a second amended complaint soon after. But despite the amendment, the district court held that the complaint was still deficient: "Having been notified that his pleading was insufficient to establish diversity jurisdiction and given an opportunity to address that issue, Plaintiff has failed to meet his burden."

The district court observed that "Aside from [] conclusory allegations, [Atkins] does not set forth any facts to substantiate his

[Wyoming] citizenship. Instead, the allegations in his pleadings continue to reflect that [he] lived in Abilene when he was detained at his place of work by Abilene Police." Importantly, the district court also noted that "shortly before the filing of this suit, [Atkins] represented under penalty of perjury to the United States District Court for the District of North Dakota in a complaint he filed that he is a citizen of Texas." *See Atkins v. Atkins*, No. 3:19-CV-023 (D.N.D. Dec. 21, 2018). Accordingly, the court held that Atkins's self-serving conclusory allegation that he is a citizen of Wyoming was insufficient to establish diversity jurisdiction and dismissed the case for lack of subject matter jurisdiction. Atkins timely appealed.

II

The district court's dismissal for lack of subject matter jurisdiction is reviewed *de novo. See Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). As the party invoking federal jurisdiction, Atkins had the burden of pleading diverse citizenship. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

III

Atkins argues that the district court erred in dismissing the case for lack of subject matter jurisdiction for three reasons. First, Atkins contends that the district court erred in holding that he is a citizen of Texas because: (1) He was a citizen of and domiciled in Wyoming prior to his arrest; and (2) "A prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (internal quotation marks omitted); *see also Ronald Alexander LeBlanc Trust v. Ransom*, 276 F. Supp. 2d 647, 651 (S.D. Tex. 2003). Second, Atkins asserts that the district court improperly relied on matters outside of the pleadings by taking judicial notice on its own accord. And third, Atkins contends that even if diversity

jurisdiction does not exist, the district court should have exercised federal question and supplemental jurisdiction. None of these arguments are persuasive. We address each in turn.

## A

Atkins argues that he is a citizen of Wyoming because he was domiciled in Wyoming prior to his arrest in Abilene. He asserts that he came to Texas only for temporary employment and that he "rented rooms at various Hotels and Inns in Texas because [he] had no intent to stay in Texas." And he notes that he has never held any kind of Texas ID or vehicle registration. Rather, he contends that at the time of his arrest, his car was titled and registered in Wyoming and that he had a Wyoming state ID.

Thus, because "[a] prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out," Atkins contends that he is still a citizen of Wyoming. *Bontkowski*, 305 F.3d at 763 (internal quotation marks omitted). Accordingly, he argues that the district court erred in holding that diversity jurisdiction did not exist.

But Atkins's argument fails because he only mentioned those supporting allegations for the first time on appeal; he did not include any of those assertions in any of his complaints. As the district court correctly noted, Atkins's operative complaint does "not set forth any facts to substantiate his [Wyoming] citizenship."

Because Atkins was on notice that his pleading may be deficient, and yet he failed to include any meaningful supporting allegations in his second amended complaint, we hold that the district court correctly dismissed Atkins's complaint for want of jurisdiction. And we see no reason to give him yet another chance to replead.

No. 22-10609

B

Next, Atkins argues that the district court improperly relied on matters outside of the pleadings in reaching its decision. But Atkins's argument is unpersuasive because this court has held that a district court is allowed to take "judicial notice of public documents" to *sua sponte* consider whether diversity jurisdiction exists. *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (citing *Kaufman v. W. Union Telephone Co.*, 224 F.2d 723, 725 (5th Cir. 1955)).

C

Finally, Atkins argues that even if diversity jurisdiction does not exist, the district court could still consider his claims based on federal question and supplemental jurisdiction. On this issue, the district court held that federal question jurisdiction does not exist because: (1) Plaintiff has omitted references to federal question jurisdiction in his new complaint; and (2) The only claims asserted are brought pursuant to state tort law. The district court further held that there is no supplemental jurisdiction "because there is no federal question jurisdiction to be supplemented."

We agree with the district court's determination that federal question jurisdiction does not exist and that supplemental jurisdiction cannot exist on its own. *See Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012) (noting that there can be "no supplemental jurisdiction of other claims" without an independent basis of subject matter jurisdiction (quoting 13D Charles Alan Wright et al., *Federal Practice & Procedure* § 3567 (3d ed. 2008)).

\* \* \*

For these reasons, the district court correctly determined that Atkins failed to plead sufficient facts to establish subject matter jurisdiction. The district court also properly denied Atkins's motion for recusal because he

No. 22-10609

"offers nothing more than unsubstantiated suggestions."  Accordingly, we AFFIRM.